

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-2009

# Jerry Lindsey v. Paul M. O'Conner

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4579

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Jerry Lindsey v. Paul M. O'Conner" (2009). *2009 Decisions.* Paper 1369.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1369

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-159**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4579

_____

JERRY S. LINDSEY,
                                        Appellant

v.

PAUL M. O'CONNOR; DONALD L. KELCHNER; SERGEANT LUCAS;
CORRECTIONAL OFFICER O'LEARY; CORRECTIONAL OFFICER
SIMSON; AND CORRECTIONAL OFFICER TOMSON

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 08-cv-1683)
District Judge: Honorable James F. McClure

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 16, 2009

Before: BARRY, AMBRO and SMITH, <u>Circuit Judges</u>

(Opinion filed: May 13, 2009)

_____

OPINION

_____

PER CURIAM

        Jerry Lindsey, a <u>pro</u> <u>se</u> prisoner currently housed at SCI-Graterford, appeals from

the District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e). For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.

I.

Lindsey commenced an action under 42 U.S.C. § 1983 against Paul M. O'Connor, Director of the Pennsylvania Department of Corrections ("DOC"), and the following officials at Lindsey's prior place of confinement, SCI-Camp Hill: Superintendent Donald L. Kelchner; Sergeant Lucas; and Correctional Officers O'Leary, Simson, and Tomson. Lindsey claimed that Defendants violated his civil rights on various occasions during his confinement at SCI-Camp Hill.

According to Lindsey's complaint, he was transferred to R Block at SCI-Camp Hill on March 3, 2008. Following his arrival at R Block, he had a verbal exchange with Defendant Tomson, which resulted in Tomson confiscating his identification card. On March 5, 2008, Lindsey claimed that he was subjected to verbal harassment by Defendant O'Leary. O'Leary allegedly "called into" Lindsey's prison cell suggesting that Lindsey was sexually attracted to his cell mate. The next day, Lindsey's cell mate was removed.

On March 6, 2008, Defendant Tomson allegedly told Lindsey that because he no longer had a cell mate, the harassment was "just beginning." The following day, Lindsey claimed that Defendants Lucas, O'Leary, Tomson and Simson came to his cell, and Defendant Lucas grabbed him and threatened him with his fist. The following morning, according to Lindsey, he was denied breakfast at Lucas' request.

Lindsey filed a § 1983 action seeking declaratory and injunctive relief as well as compensatory and punitive damages. The District Court granted Lindsey's motion to proceed in forma pauperis but later dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Lindsey filed a timely appeal.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). After a careful review of the record, we conclude that the appeal presents "no substantial question" under Third Circuit LAR 27.4 and I.O.P. 10.6. We will therefore summarily affirm the District Court's order on the grounds that Lindsey's claims were not viable.

## III.

The District Court correctly determined that Lindsey's complaint was subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). As an initial matter, Defendants O'Connor and Kelcher were not appropriate Defendants in the action, as there was no allegation they were involved in the events which gave rise to Lindsey's claim. Civil rights claims cannot be premised on a theory of *respondeat superior*. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

The District Court also correctly concluded that Lindsey's claim against Defendants Lucas, O'Leary, Tomson and Simson regarding their alleged verbal abuse of him did not present a viable claim under § 1983. Verbal harassment of a prisoner,

although distasteful, does not violate the Eighth Amendment. <u>See</u>, <u>e.g.</u>, <u>McBride v. Deer</u>, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001).

The District Court also properly dismissed Lindsey's other Eighth Amendment claims against Defendant Lucas. As mentioned above, Lindsey claimed that Lucas grabbed him and threatened him when he was outside of his cell on March 7, 2008. He did not claim that he suffered any injury as a result. The following day, Lindsey claimed that Lucas denied him breakfast. The District Court correctly determined that Lucas's alleged grabbing of Lindsey did not constitute a violation of the Eighth Amendment's cruel and unusual punishment provision. The Eighth Amendment does not protect an inmate against an objectively *de minimis* use of force. <u>See</u> <u>Smith v. Mensinger</u>, 293 F.3d 641, 648 (3d Cir. 2002).

Lindsey's other claim against Lucas – that he denied him food on one occasion in violation of the Eighth Amendment – also fails. The purported deprivation of a single meal is not of such magnitude as to rise to the level of a constitutional violation. <u>See</u> <u>Robles v. Coughlin</u>, 725 F.2d 12, 15 (2d Cir. 1983) (only a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim).

Finally, the District Court properly dismissed Lindsey's claim that Defendant Tomson impermissibly confiscated his identification card. To the extent this was a due process claim, it was flawed. A prisoner's cause of action based on unauthorized deprivation of property by a state actor is not actionable under § 1983 unless there is no

4

adequate post-deprivation remedy available.  See Parratt v. Taylor, 451 U. S. 527, 542 (1981).  As noted by the District Court, Pennsylvania law provided an adequate remedy in Lindsey's case.  Furthermore, we perceive no other constitutional ground that his allegation implicated.

For the foregoing reasons, we conclude that there is no substantial question presented by this appeal.  Accordingly, we will summarily affirm the District Court's dismissal of Lindsey's complaint.  See Third Cir. LAR 27.4; I.O.P. 10.6.