ALD-066                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2529
_____

DWAYNE RIECO,
                              Appellant

v.

C/O MORAN; C/O SMITH; C/O GUSKIEWICZ;
SERGENT HELSEL; SERGENT ROBERSON; LT. LICKENFELT;
C/O ELK; LT. PEER; LT. BERRY; CAROL A. SCIRE;
JAMES BARNACLE; CAPTAIN JONES; MARILYN A. FUSCO;
DEPUTY WOODS; KERRY VANCE; JERRI L. MACKEY, Personal
Representative and Administratrix of the Estate of Richard Mackey
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-14-cv-00588)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6.
November 24, 2015
Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: December 1, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dwayne Rieco appeals from a District Court order granting Appellees' motion to dismiss. Because this appeal presents no substantial question, we will summarily affirm.

Rieco is a Pennsylvania state prisoner housed at SCI-Pittsburgh. He brought a § 1983 action against the Appellees for their role in an incident involving alleged food tampering. He asserts that on February 15, 2014, Appellees Moran, Smith, and Guskiewicz gave him a broken food tray containing a fruit cup contaminated with urine and a tofu burger containing a "hot and spicy substance." (D.C. dkt. #5). Rieco asserts that he immediately voiced his concern that his food had been tampered with, but that Moran, upon returning to collect his tray, slammed it down on Rieco's arms. Rieco also asserts that thereafter Smith issued him with a misconduct citation. Rieco filed grievances indicating that he was assaulted and served tampered food.

Based on these events, Rieco alleges: (i) food tampering and food deprivation, (ii) physical assault, (iii) verbal threats and retaliation, (iv) fabrication of a misconduct report, (v) improper interference with grievance process, (vi) failure to investigate, (vii) denial of access to the courts, and, finally, (vii) denial of medical treatment. The District Court dismissed all of Rieco's claims as to all of the Appellees except Moran, who, Rieco asserts, physically assaulted him with the food tray. Rieco later entered into a settlement agreement in which he agreed to drop all claims against Moran.

Rieco has appealed the order granting the motion to dismiss. We have jurisdiction over this appeal under 28 U.S.C. § 1291. Our review of orders granting motions to dismiss is plenary. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). We may

2

summarily affirm the District Court's order where there is no substantial question presented by the appeal. Third Circuit LAR 27.4 and I.O.P. 10.6.

The District Court correctly concluded that Rieco failed to state an Eighth Amendment claim of food tampering because his Complaint contained no allegation that he ate the food, and that doing so caused him to suffer injury. See Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir.1983) ("prison officials may violate the Eighth Amendment by serving unsanitary, spoiled or contaminated food if the prisoner also alleges that he or she suffered a distinct and palpable injury."). The Court also correctly concluded that he failed to state an Eighth Amendment claim of deprivation of food. While he claims that Appellee Helsel failed to provide him with a replacement food tray on February 15, 2014, deprivation of a single meal does not rise to the level of an Eighth Amendment violation because "only a substantial deprivation of food to a prisoner" states a viable Eighth Amendment claim. Lindsey v. O'Connor, 327 F. App'x 319, 321 (3d Cir. 2009).

The District Court correctly concluded that Rieco did not state a First Amendment retaliation claim. Rieco complains that Appellee Guskiewicz tampered with his food on February 15, 2014, in retaliation for a grievance that Rieco filed against Guskiewicz five months earlier, in September of 2013, in which he alleged assault. An "unusually suggestive" proximity in time between the protected activity and the adverse action may be sufficient, on its own, to establish the requisite causal connection for purposes of a retaliation claim. Robinson v. City of Pittsburgh, 120 F.3d 1286, 1302 (3d Cir. 1997). This Court held in Jalil v. Avdel Corp. that the discharge of a plaintiff two days after

3

filing an EEOC complaint was sufficient to establish such causation. 873 F.2d 701, 708 (3d Cir. 1989). This Court also held that a period of nineteen months between the filing of an EEOC claim and the plaintiff being placed on workers compensation leave is insufficient to establish such a causal connection. Krouse v. American Stabilizer Co., 126 F.3d 494, 503 (3d Cir. 1997). A period of five months between constitutionally protected activity and an adverse action could establish the temporal proximity required to suggest causation for purposes of a First Amendment retaliation claim, but only if the plaintiff pleads other facts to demonstrate that he was subject to unfavorable treatment during that time period. Marra v. Philadelphia Housing Authority, 497 F.3d 286, 303-05 (3d Cir. 2007). In Marra, this Court held that, for purposes of a Title VII employment discrimination claim, a period of five months between a plaintiff's trial testimony against her employer and subsequent termination was enough to establish causation in a retaliation claim because the plaintiff pled that, during that time, her employer harassed her in numerous ways. Id. Rieco has failed to plead anything beyond a five-month temporal relationship between his grievance against Guskiewicz and the food tampering incident. The Court therefore correctly concluded that this is insufficient to establish causation and fails to state a retaliation claim.

The District Court correctly dismissed Rieco's claim that Guskiewicz made offensive and threatening comments towards him, reasoning that words alone cannot establish an Eighth Amendment claim. See McBride v. Deer, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Oltarzewski

4

v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987) (vulgar language does not give rise to an Eighth Amendment violation).

The District Court also correctly dismissed Rieco's claim that Appellees issued a false misconduct report against him. Prison disciplinary proceedings, on their own, do not state a claim under § 1983. Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002). A claim of a false misconduct report violates an inmate's First Amendment guarantee of access to the courts where it is in retaliation for an inmate's resort to legal process. Id. A claim that an inmate was subject to disciplinary proceedings without due process may state a claim under § 1983 as well. Id. Here, Rieco does not assert that the misconduct report was filed against him in retaliation for his engaging in any protected activity. He claims that he was denied due process, but the District Court correctly concluded that he was afforded the opportunity to participate in the misconduct hearing but declined; therefore, Rieco's claims that Appellees Smith and Peer issued a false misconduct report against him were properly dismissed.

The District Court also correctly dismissed Rieco's claim that Appellee Scire obstructed him from utilizing the grievance process because "inmates do not have a constitutionally protected right to a prison grievance system." Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977) (Burger, J., concurring).

Rieco's assertion that Appellees Fusco, Woods and Vance denied him adequate law library use does not state a First Amendment access-to-courts claim, as inmates have no "freestanding right to a law library or legal assistance," see Lewis v. Casey, 518 U.S.

5

343, 351 (1996).  Moreover, Rieco failed to plead that he suffered "actual injury" as a result of this denial.  See Peterkin v. Jeffes, 855 F.2d 1021, 1040 (3d Cir. 1988); Lewis, 518 U.S. at 351 (to succeed on an access-to-courts claim, an inmate must demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim).

Rieco asserts that he was denied medical treatment following Moran's assault, in violation of the Eighth Amendment.  The District Court dismissed this claim, reasoning that it should properly be considered as part of his excessive force claim against Moran.  Whether or not we agree with this analysis, Rieco nevertheless failed to state a claim because he did not plead what injuries he suffered as a result of this assault.  An Eighth Amendment claim based on the failure to provide adequate medical treatment requires that a prisoner alleges "acts or omissions that evidence deliberate indifference to *serious* medical needs."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (emphasis added).  Rieco has failed to plead what, if any serious medical needs were ignored here.  Rieco therefore failed to state an Eighth Amendment claim of the denial of medical treatment.

Rieco's assertions that Appellees Helsel, Lickenfelt and Berry failed to report his assault, failed to test his food for human waste and "hot and spicy substance," and refused to allow him to call the Office of Special Investigations and Intelligence, are not cognizable claims under § 1983.  An allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.  Graw

6

v. Fantasky, 68 F. App'x. 378, 383 (3d Cir. 2003).  The District Court therefore correctly dismissed these claims.

Rieco also brought claims against supervisory Appellees Barnacle, Jones and Mackey, but the District Court correctly concluded that, because his claims failed to allege their personal involvement in his injuries, he failed to establish supervisory liability against these Appellees.  The only assertions that Rieco makes regarding these Appellees is that Barnacle directs the security officials at SCI-Pittsburgh, that Rieco sent Jones an inmate request slip regarding Appellee Lickenfelt's failure to test Rieco's allegedly tainted food, and that Appellee Mackey erred in his disposition of Rieco's misconduct report.  These allegations do not plead the personal involvement required to establish supervisory liability in a § 1983 claim.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*).

Because this appeal presents no substantial question, we will summarily affirm. Rico's motions for equitable tolling and objecting to the clerk's order assessing fees are denied.