IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA 

RANDALL M. YURKONIS, : CIVIL ACTION NO. 1:22-CV-1977 
 : 
 Plaintiff : (Judge Conner) 
 : 
 v. : 
 : 
PRIME CARE MEDICAL, et al., : 
 : 
 Defendants : 

 MEMORANDUM 

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, 
Randall M. Yurkonis, a prisoner in Schuylkill County Prison, alleges that the prison 
and its medical services subcontractor, Prime Care Medical (“Prime Care”), 
violated his civil rights. The case is proceeding on Yurkonis’s amended complaint. 
We have screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 
U.S.C. § 1915A and conclude that it fails to state a claim upon which relief may be 
granted. The amended complaint will be dismissed without further leave to amend. 
I. Factual Background & Procedural History 

Yurkonis initiated this case through the filing of a complaint against 
Schuylkill County Prison and Prime Care on December 8, 2022. (Doc. 1). The 
complaint alleged that Yurkonis’s right to privacy was violated by prison staff, that 
prison staff “intimidated” him, which caused him to fear for his safety, and that 
medical staff committed “neglect and malpractice.” (Id. at 4). 
We dismissed the complaint for failure to state a claim on December 19, 2022. 
(Docs. 6-7). We concluded that Schuylkill County Prison was not a “person” subject 
to suit under Section 1983, that the complaint did not allege the existence of a policy 
that would allow claims against Prime Care to proceed, and that the complaint’s 
allegations were entirely conclusory in nature. (Doc. 6 at 3-4). We dismissed the 

claims against Schuylkill County Prison with prejudice, but otherwise granted 
Yurkonis leave to amend. (Doc. 7). 
Yurkonis timely filed an amended complaint on December 24, 2022, which 
the court received and docketed on December 30, 2022. (Doc. 12). The amended 
complaint raises claims against Schuylkill County Prison, Prime Care, and several 
individual employees of the prison, defendants Klinger, Borrell, Fritz, Rose, 
Holiday, “Lt. Warden,” and “Deputy Warden.” (Id.) According to the allegations in 

the amended complaint, defendant Klinger “failed to recognize the warning signs of 
an assault” despite Yurkonis making him “aware” of such a risk, which led to 
Yurkonis suffering “severe injury.” (Id. at 1). Defendants Borrell, Fritz, Rose, and 
Holiday allegedly threatened Yurkonis with violence in November 2022.1 (Id.) 
Defendants Lt. Warden and Deputy Warden are allegedly “responsible” for 
Yurkonis and other inmates being triple-celled and for inmates potentially being 

exposed to COVID-19 due to not being held in medical holding cells. (Id.) 
With respect to defendant Prime Care, the complaint alleges that Prime Care 
staff threw out Yurkonis’s personal information and that staff denied him medical 
care for six days after “the assault” despite “Nurse Katrina” purportedly telling “Lt. 

1 The complaint states that the threats took place in November, but does not 
specify which year. The court assumes for purposes of this opinion that the events 
took place in November 2022. 
Escalante” that “it was broken.”2 (Id. at 3). Yurkonis allegedly saw “doctor Aksar,”3 
an ear, nose, and threat specialist, on December 14, 2022,4 who concluded that 
Yurkonis needed reconstructive surgery. (Id.) 

II. Legal Standard 
The Prison Litigation Reform Act authorizes a district court to review a 
complaint in a civil action in which a prisoner is proceeding in forma pauperis or 
seeks redress against a governmental employee or entity. See 28 U.S.C. § 
1915(e)(2);5 28 U.S.C. § 1915A.6 The court is required to identify cognizable claims 

2 It is unclear if “the assault” is connected to the injury Yurkonis allegedly 
suffered as a result of defendant Klinger’s purported failure to recognize the 
warning signs of an assault. It is also unclear what “Nurse Katrina” was referring 
to when she allegedly stated, “it was broken.” 
3 The complaint appears to refer to this individual as “doctor Ak5ar.” The 
court assumes that the “5” in the individual’s name is meant as an “s” and will 
accordingly refer to the individual as “Doctor Aksar” in this opinion. 
4 Because the complaint again fails to specify the year in which this event 
allegedly occurred, the court assumes that it occurred in December 2022. 
5 28 U.S.C. § 1915(e)(2) provides: 

(2) Notwithstanding any filing fee, or any portion thereof, that may 
have been paid, the court shall dismiss the case at any time if the court 
determines that— 
 (A) the allegation of poverty is untrue; or 
 (B) the action or appeal— 
 (i) is frivolous or malicious; 
 (ii) fails to state a claim on which relief may be granted; or 
 (iii) seeks monetary relief against a defendant who is 
 immune from such relief. 

6 28 U.S.C. § 1915A provides: 
and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim 
upon which relief may be granted, or seeks monetary relief from a defendant who is 
immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). 

III. Discussion 
Yurkonis brings his constitutional claims under 42 U.S.C. § 1983. Section 
1983 creates a private cause of action to redress constitutional wrongs committed by 
state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but 
serves as a mechanism for vindicating rights otherwise protected by federal law. 
See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 
1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a 

deprivation of a “right secured by the Constitution and the laws of the United 
States . . . by a person acting under color of state law.” Id. (quoting Mark v. 
Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)). 
At the outset, the complaint will be dismissed to the extent it raises 
claims against Schuylkill County Prison because we previously dismissed 
claims against that defendant with prejudice. (Docs. 6-7). 

(a) Screening.--The court shall review, before docketing, if feasible or, 
in any event, as soon as practicable after docketing, a complaint in a 
civil action in which a prisoner seeks redress from a governmental 
entity or officer or employee of a governmental entity. 
(b) Grounds for dismissal.--On review, the court shall identify 
cognizable claims or dismiss the complaint, or any portion of the 
complaint, if the complaint-- 
 (1) is frivolous, malicious, or fails to state a claim upon which 
 relief may be granted; or 
 (2) seeks monetary relief from a defendant who is immune from 
 such relief. 
Turning to the claims against the other defendants, Yurkonis’s claim 
against defendant Klinger sounds in deliberate indifference to a risk of assault. 
To establish a prima facie case of deliberate indifference, Yurkonis must allege 

(1) he was incarcerated under conditions posing a substantial risk of serious 
harm, (2) defendant was deliberately indifferent to that risk, and (3) 
defendant’s deliberate indifference caused him harm. Bistrian v. Levi, 696 
F.3d 352, 366 (3d Cir. 2012) (quoting Farmer v. Brennan, 511 U.S. 825, 833 
(1994)), abrogated in nonrelevant part as recognized by Mack v. Yost, 968 F.3d 
311, 319 n.7 (3d Cir. 2020). The first element is an objective inquiry of whether 
the official “knowingly and unreasonably disregarded an objectively 

intolerable risk of harm.” Beers-Capitol v. Wetzel, 256 F.3d 120, 132 (3d Cir. 
2001). The second element is subjective: “the prison official-defendant must 
actually have known or been aware of the excessive risk to inmate safety.” 
Bistrian, 696 F.3d at 367 (quoting Beers-Capitol, 256 F.3d at 125). Claims that 
defendants were deliberately indifferent to risk of assault by another inmate 
must allege awareness of a risk to the plaintiff specifically, and not simply 

inmates generally. Id. at 371. 
The amended complaint does not allege sufficient facts to state a deliberate 
indifference claim against defendant Klinger. It is alleged in conclusory fashion 
that Yurkonis made Klinger “aware” of the risk of assault, (see Doc. 12 at 1), but 
there are no factual allegations to support this statement. It is not clear whether 
Yurkonis informed Klinger of a risk of assault by a specific inmate, whether that 
inmate was the person who subsequently assaulted Yurkonis, or whether Klinger’s 
action or inaction in response to Yurkonis’s warning made it more likely that the 
assault would occur. Absent such allegations, the deliberate indifference claim 
against Klinger is too speculative to state a claim upon which relief may be granted. 

Moreover, the allegation that Klinger “failed to recognize” the danger of assault 
amounts to an allegation of negligence by Klinger, which is not sufficient to allege 
deliberate indifference. Farmer, 511 U.S. at 835; see also id. at 838 (“[A]n official’s 
failure to alleviate a significant risk that he should have perceived but did not, while 
no cause for commendation, cannot under our cases be condemned as the infliction 
of punishment.”). Hence, we will dismiss Yurkonis’s claim against Klinger. 
Yurkonis’s claims against defendants Borrell, Fritz, Rose, and Holiday will be 

dismissed. The only allegation against those defendants is that they verbally 
threatened Yurkonis. (See Doc. 12 at 1). Threatening language by itself does not 
violate the constitution. See, eg., Sears v. McCoy, 815 F. App’x 668, 670 (3d Cir. 
2020) (nonprecedential); Rieco v. Moran, 633 F. App’x 76, 79 (3d Cir. 2015) 
(nonprecedential).7 
We will also dismiss the claims against defendants Lt. Warden and Deputy 

Warden, which are based on alleged triple celling of inmates and potential exposure 
of inmates to COVID-19. Triple celling of inmates is not per se unconstitutional, see 
Hubbard v. Taylor, 538 F.3d 229, 233-35 (3d Cir. 2008), and the complaint does not 
allege any additional facts that could support a claim that the use of triple celling in 

7 The court acknowledges that nonprecedential decisions are not binding 
upon federal district courts. Citations to nonprecedential decisions reflect that the 
court has carefully considered and is persuaded by the panel’s ratio decidendi. 
this case was unconstitutional. As for the COVID-19 claim, there is no allegation 
that defendants’ actions led to Yurkonis being exposed to the virus or contracting 
the virus. The mere fact that COVID-19 may be present in the institution is not 

sufficient to allege deliberate indifference to a risk of serious harm. 
Finally, with respect to Yurkonis’s claim against Prime Care, plaintiffs 
seeking to bring civil rights claims against private corporations providing medical 
services to jails must allege that the corporations had a “policy or custom that 
resulted in the alleged constitutional violations at issue.” Palakovic v. Wetzel, 854 
F.3d 209, 232 (3d Cir. 2017) (citing Natale v. Camden Cty. Corr. Facility, 318 F.3d 
575, 583-84 (3d Cir. 2003)). Yurkonis again fails to allege any Prime Care policy that 

caused the alleged violations of his civil rights and accordingly fails to state a claim 
against Prime Care upon which relief may be granted. Yurkonis has also failed to 
name any individual Prime Care employees who were personally involved in the 
alleged violations of his rights. The only medical professionals named in the 
complaint—Nurse Katrina and Doctor Aksar—appear to have provided diligent 
care to Yurkonis, as Nurse Katrina allegedly informed other prison employees that 

Yurkonis was injured and Doctor Aksar allegedly diagnosed his need for 
reconstructive surgery. (See Doc. 12 at 3). Hence, we will dismiss the complaint to 
the extent that it raises claims against Prime Care and its employees. 
Before dismissing a civil rights complaint for failure to state a claim upon 
which relief may be granted, a district court must permit a curative amendment 
unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 
F.3d 224, 245 (3d Cir. 2008). We will deny leave to amend as futile. Yurkonis has 
had multiple opportunities to state a claim upon which relief may be granted and 
has failed to do so. 
IV. Conclusion 

We will dismiss the complaint without further leave to amend pursuant to 28 
U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A for failure to state a claim upon which 
relief may be granted. An appropriate order shall issue. 

 /S/ CHRISTOPHER C. CONNER 
 Christopher C. Conner 
 United States District Judge 
 Middle District of Pennsylvania 

Dated: January 11, 2023