**Billy R. SHAPLEY, Appellant,**

v.

**Charles L. WOLFF, Jr., Appellees.**

**No. 77–2389.**

United States Court of Appeals, Ninth Circuit.

Feb. 8, 1978.

Billy R. Shapley, in pro per.

Robert F. List, Atty. Gen., Carson City, Nev., for appellees.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

SNEED, Circuit Judge:

Shapley, an inmate of the Nevada State Prison, appeals an order from the district court dismissing his amended complaint for its failure to present a claim upon which relief could be granted. Shapley had sought injunctive and declaratory relief under 42 U.S.C. § 1983 alleging that treatment he received violated the Eighth Amendment's prohibition of cruel and unusual punishment and the due process and equal protection clauses of the Fourteenth Amendment.

His allegations are of five types. He claims that he has been subjected to cruel and unusual punishment as the result of (1) overcrowded cell conditions, (2) denial of showers and basic sanitary items, (3) denial of miscellaneous items such as shoes and tobacco and (4) a diet consisting entirely of cold and possibly inadequate food. In addition, he challenges his classification status in the prison as a result of which he is denied certain privileges such as attendance at evening yard and weekly movies.

The district court found that none of these allegations could constitute a ground upon which relief might be granted. It found that the allegations with respect to crowding, tobacco, food and hygiene provisions did not raise issues of constitutional significance. It held that challenges to classification of prisoners were precluded by *Meacham v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

Initially we must dispose of the appellees' contention that this appeal is not properly before us because the district court refused to grant leave to appeal *in forma pauperis.* The district court's declination does not preclude this court from granting leave so to appeal which in this instance was done on June 24, 1977. See *Coppedge v. United States,* 369 U.S. 438, 446, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The appeal is properly before us, all other requirements as to timely notice of appeal having been met.

Turning to the merits, in *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the Supreme Court indicated that a complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45–46, 78 S.Ct. 99, 102 (1957). We cannot conclude that this standard has been met in this case.

A number of practices and conditions in prisons have been successfully challenged in federal courts, *e. g., Cunningham v. Jones,* 567 F.2d 653 (6th Cir., December 6, 1977) (overcrowding; one meal a day); *Sinclair v. Henderson,* 435 F.2d 125 (5th Cir. 1970) (unsanitary living conditions), *on remand,* 331 F.Supp. 1123 (E.D.La.1971) (lack of exercise facilities); *Murphy v. Wheaton,* 381 F.Supp. 1252 (N.D.Ill.1974) (solitary con-

finement; unsanitary conditions; spoiled food); *Landman v. Royster,* 333 F.Supp. 621 (E.D.Va.1971) (bread and water diet; chaining; exposure to cold). Many other practices, falling within the broad discretion required by prison officials in maintaining order and discipline, have been upheld against constitutional challenge, *e. g., Pinkston v. Bensinger,* 359 F.Supp. 95 (N.D.Ill. 1973) (restricted recreation; restricted access to library; poor quality of food); *Landman v. Royster, supra,* (denial of showers where no evidence of denial of sanitary items necessary for washing in cells).

As the cases suggest, some of the conditions appellant alleges may, under certain circumstances, constitute cruel and unusual punishment. Other allegations of appellant find little or no support. Reading appellant's allegations liberally, as is appropriate in reviewing a motion to dismiss at this stage, we cannot conclude that no set of facts he might prove would entitle appellant to relief. *See* J. Moore, *Federal Practice,* ¶ 12.08 (1975). Thus a hearing in which the facts and circumstances surrounding the appellant's allegations may be developed is appropriate.

REVERSED and REMANDED.