Angel ROBLES, A. Dukes, D. Hooker, R. Bonner, D. Andrews, E. Lowe, R. Winifield, T. Ephram, M. Payne and R. Rassley, Plaintiffs,

Angel Robles and Milton Payne,
Plaintiffs-Appellants,

v.

T.A. COUGHLIN, Commissioner, Department of Correctional Services and H.J. Smith, Superintendent, Attica Correctional Facility (ACF), Defendants-Appellees.

Angel ROBLES and Milton Payne,
Plaintiffs-Appellants,

v.

T.A. COUGHLIN, Commissioner, Department of Correctional Services; H.J. Smith, Superintendent, ACF; Sgt. Hinnenburg, ACF and Correction Officer Wisiorek, ACF, Defendants-Appellees.

Nos. 290–292, Dockets 83–2008, 83–2010 and 83–2012.

United States Court of Appeals, Second Circuit.

Argued Oct. 6, 1983.

Decided Dec. 27, 1983.

Theodore V.H. Mayer, New York City (Thomas T. Tamlyn, Jr., New York City, of counsel), for plaintiffs-appellants.

Before CARDAMONE, PIERCE and PRATT, Circuit Judges.

PER CURIAM:

In these consolidated appeals we are asked to determine the sufficiency of prisoners' 42 U.S.C. § 1983 *pro se* complaints which were accompanied by requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The appellants challenge the dismissal of the complaints *sua sponte* by the district courts herein. Recognizing that *sua sponte* dismissal prior to service of process upon defendants is strongly disfavored in this circuit, and finding that the complaints herein appear to allege a cognizable claim under section 1983, we reverse and remand to the district courts for further proceedings.

## I. BACKGROUND

### *Robles-Payne Complaint* [1]

In a *pro se* complaint (Robles-Payne) filed on November 15, 1982, in the Northern District of New York and assigned to Michael A. Telesca, *Judge,* plaintiffs-appellants Angel Robles and Milton Payne, then inmates at the Attica Correctional Facility Special Housing Unit, claim that they were subjected to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. The complaint names T.A. Coughlin, Commissioner of the New York State Department of Correctional Services, H.J. Smith, Superintendent of Attica Correctional Facility (ACF), ACF Sgt. Hinnenburg and ACF Correction Officer Wisiorek as defendants. It alleges that plaintiffs "were denied proper and adequate meals" by Wisiorek who refused to feed them on 12 days, three of which were consecutive, within a 53 day period. Additional statements that plaintiffs had been denied food are contained in various exhibits attached to the complaint. Two of these exhibits also allege that the food was contaminated by correction officers.[2] The complaint was accompanied by requests to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915.

Finding that plaintiffs met the financial requirements of section 1915(a) which provides that "[a]ny court ... may authorize the commencement ... of any suit ...

---

1. The appeal was assigned two docket numbers in this court, 83–2010 and 83–2012, but is a single appeal of a single order dismissing a joint complaint.

2. Exhibits C and G to plaintiffs' Affidavit submitted in support of their Order to Show Cause and their request for T.R.O. relief. For example, Exhibit G, which consists of a letter from Payne to the SUNY Legal Assistant Program, states that, in order not to serve food to inmates, correction officers contaminated prisoners' meals with "dust, rocks, glass and human waste."

without prepayment of fees ... by a person who makes affidavit that he is unable to pay such costs," Judge Telesca granted permission to plaintiffs to proceed as poor persons but then dismissed the complaint *sua sponte* on the ground that it was "frivolous and without merit." The record on appeal contains no affidavit of service of the complaint upon any of the named defendants. The New York State Attorney General's office declined to waive its right to service and consequently did not defend on this appeal.

*Robles-et al. Complaint* [3]

In another *pro se* complaint (Robles-et al.) filed on November 15, 1982, in the same district but assigned to John T. Curtin, *Chief Judge,* Angel Robles and nine others who were then Special Housing Unit (SHU) inmates at Attica Correctional Facility [4] claim violations of 42 U.S.C. § 1983 and name Commissioner Coughlin and Superintendent Smith as defendants. The claim states that plaintiffs had not been provided with rule books governing the operation of the prison and SHU and further alleges that inmates were "subject to instant, on the spot rule changes by [correction officers] on a daily basis, and further disciplined, abused, straved [sic], assaulted and mistreated." Among the alleged punishments meted out on the basis of unposted rules were "confiscation of personal property," "assault while handcuffed," "placement in degrading strip cells without water, light or ventilation" and "the direct poisoning of SHU food." See plaintiffs' Affidavit and Memorandum of Law submitted in support of their Order to Show Cause and their request for T.R.O. relief. Requests to proceed *in forma pauperis* accompanied the complaint.

Construing the complaint as one directed only at the failure to provide inmates with rule books, the district court held that plaintiffs failed to state a constitutional claim and denied leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915(d). Section 1915(d) provides, in pertinent part, that "[t]he court may ... dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Rather than directly dismissing the complaint, however, Judge Curtin directed the clerk to file the complaint without payment of fees and held that service of process would not issue without payment. He also ordered the clerk to enter a judgment to dismiss the complaint if the filing fee was not paid by February 8, 1983. On January 4, 1983, the district judge denied a subsequent motion to reconsider or in the alternative for permission to file an interlocutory appeal, and further stated that "[i]t appears to the court that the plaintiffs do not desire to pay the filing fee." Accordingly, he directed the clerk "to file a judgment dismissing the case and then file the notice of appeal." As in the Robles-Payne action, the State Attorney General's office declined to waive its right to service and did not defend on this appeal.

## II. DISCUSSION

Although the district courts herein followed slightly different procedural routes, we deem both judgments to be dismissals pursuant to 28 U.S.C. § 1915(d). It is clear from the cases cited in Judge Telesca's decision,[5] that he followed the practice of first granting leave to proceed *in forma pauperis* upon a determination that plaintiffs had

---

3. Docket No. 83–2008.

4. One of the named plaintiffs, D. Hooker, did not sign the complaint, but did file an affidavit in support of his request to proceed *in forma pauperis.* Kerun Brewington, another inmate, did sign the complaint but is not a named plaintiff and did not file an affidavit in support of his request to proceed *in forma pauperis.* The district judge should address this matter upon remand.

5. *Redford v. Smith,* 543 F.2d 726, 728 (10th Cir.1976); *Oughton v. United States,* 310 F.2d 803, 804 (10th Cir.1962), *cert. denied,* 373 U.S. 937, 83 S.Ct. 1542, 10 L.Ed.2d 693 (1963). These cases indicate that the recommended procedure in the Tenth Circuit is to grant the application to proceed *in forma pauperis* if the court is satisfied that the requirements of section 1915(a) are satisfied and thereafter dismiss the complaint under section 1915(d) if it finds that the action is frivolous.

satisfied the financial requirements of § 1915(a) and then, after assessing the complaint and finding it frivolous, dismissing the case under § 1915(d). Judge Curtin, on the other hand, made no finding as to whether plaintiffs had satisfied the financial requirements of § 1915(a). Instead, he denied their request to proceed *in forma pauperis* under § 1915(d) after finding that the complaint failed to state a constitutional claim. Although dismissal of the Robles-et al. complaint did not occur procedurally until, upon a subsequent motion for reconsideration, Judge Curtin determined that plaintiffs did not wish to pay the filing fee, substantively, both the Robles-Payne and the Robles-et al. complaints were dismissed for lack of merit under § 1915(d).

■ In determining the sufficiency of a *pro se* complaint, it is now axiomatic that a court must construe it liberally, applying less stringent standards than when a plaintiff is represented by counsel, *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam). It is also the well-established law of this circuit that *sua sponte* dismissal of a *pro se* complaint prior to service of process on defendant is strongly disfavored. *Cameron v. Fogarty*, 705 F.2d 676, 678 (2d Cir.1983); *Bayron v. Trudeau*, 702 F.2d 43, 45 (2d Cir. 1983); *Moorish Science Temple of America, Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982); *Fries v. Barnes*, 618 F.2d 988, 989 (2d Cir.1980). Such untimely dismissal deprives us of the benefit of defendant's answering papers, *id.*, and results in the " 'wasteful . . . shuttling of the lawsuit between the district court and appellate courts,' " *Bayron v. Trudeau*, 702 F.2d at 46 (quoting *Lewis v. New York*, 547 F.2d 4, 6 (2d Cir. 1976)). To warrant dismissal, the com-

plaint, considering all its allegations as true, *Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964) (per curiam), must be frivolous on its face or wholly insubstantial. *Moorish Science Temple*, 693 F.2d at 990.

■ With these principles in mind, it is clear that the district courts herein acted prematurely in dismissing the complaints. In our view, Judge Telesca should not have limited his consideration of the Robles-Payne complaint to the allegation of deficient prison food.[6] Liberally construed and considering all the papers submitted, Fed.R. Civ.P. 10(c),[7] the complaint alleges starvation of inmates as well as contamination of food by correction officers. Although "[t]he Constitution does not require that sentenced prisoners [receive] every amenity which one might find desirable," *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir.1978), *rev'd on other grounds sub nom. Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), the Eighth Amendment prohibition against cruel and unusual punishment does require that prisoners be served "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir.1980), *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981). While no court has explicitly held that denial of food is a per se violation of a prisoner's Eighth Amendment rights, *Moss v. Ward*, 450 F.Supp. 591, 596 (W.D.N.Y.1978), under certain circumstances a substantial deprivation of food may well be recognized as being of constitutional dimension. *See Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir.1977) (dismissal of complaint alleging prisoners served only one meal a day remanded for finding of nutritional adequa-

---

**6.** It may be that a mere allegation of deficient food does not rise to the level of a constitutional violation. *Freeman v. Trudell*, 497 F.Supp. 481, 482 (E.D.Mich.1980); *but see Shapley v. Wolff*, 568 F.2d 1310 (9th Cir.1978) (complaint alleging, *inter alia*, prison diet consisting of cold and possibly inadequate food sufficient to withstand motion to dismiss).

**7.** We read this § 1983 *pro se* complaint, submitted on a form directing plaintiff to attach necessary additional sheets, to adopt the factual allegations contained in plaintiffs' Affidavit and Memorandum of Law submitted in support of their Order to Show Cause and their request for T.R.O. relief. *See Le Grand v. Evan*, 702 F.2d 415, 416 n. 3 (2d Cir.1983).

**16**

cy); *Moss v. Ward,* 450 F.Supp. at 596–97 (deprivation of food for four consecutive days held unconstitutionally disproportionate punishment for violation of a disciplinary rule).

 In any event, the complaint herein goes beyond alleging the deprivation of food and states that prison officials contaminated inmates' meals with "dust, rocks, glass and human waste." We hold that such an allegation is sufficient to withstand dismissal of a section 1983 complaint. *See Griffin v. Smith,* 493 F.Supp. 129, 131 (W.D. N.Y.1980) ("unsanitary food utensils, including cigarette burns and hair on food trays"); *Murphy v. Wheaton,* 381 F.Supp. 1252, 1261 (N.D.Ill.1974) (spoiled, rotted and foul food served in uncleaned wagon used to dispose of garbage). It cannot be said that the Robles-Payne complaint is frivolous on its face or is wholly insubstantial, and we therefore conclude that the district court erred in dismissing this complaint *sua sponte.*

Similarly, we do not agree with Judge Curtin's dismissal of the Robles-et al. complaint. First, consideration should be accorded those cases which hold that the failure to provide notice of prison rules to inmates is a violation of due process. *E.g., Duckett v. Ward,* 458 F.Supp. 624, 626 (S.D. N.Y.1978); *Moore v. Janing,* 427 F.Supp. 567, 577 (D.Neb.1976); *Martinez Rodriguez v. Jimenez,* 409 F.Supp. 582, 594–95 (D.P.R. 1976), *aff'd on other grounds,* 551 F.2d 877 (1st Cir.1977); *see Jones v. Wittenberg,* 330 F.Supp. 707, 720 (N.D.Ohio 1971), *aff'd on other grounds sub nom. Jones v. Metzger,* 456 F.2d 854 (6th Cir.1972). Second, the complaint herein contains various allegations which might be found to present other deprivations of federally protected rights. For example, it alleges confiscation of personal property without explanation, *see Bayron v. Trudeau,* 702 F.2d at 45; contamination of food, *see Ramos v. Lamm,* 639 F.2d at 570–71; starvation, *see Cunningham v. Jones,* 567 F.2d at 659–60; and confinement in unlit, unventilated strip cells, *see LaReau v. MacDougall,* 473 F.2d 974, 977–78 (2d Cir.1972), *cert. denied,* 414

U.S. 878, 94 S.Ct. 49, 38 L.Ed.2d 123 (1973). Thus, we conclude that the Robles-et al. complaint states a claim under 42 U.S.C. § 1983 sufficient to withstand *sua sponte* dismissal.

Our holding with respect to both complaints herein is limited to the *sua sponte* dismissal of those complaints prior to service of process upon defendants. It may be that at a later stage it will develop that plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. However, where a prisoner's *pro se* complaint alleges claims which are arguably cognizable under 42 U.S.C. § 1983, it is better to require service of process upon defendants and to require a response than to dismiss the complaint *sua sponte. Bayron v. Trudeau,* 702 F.2d at 46.

### III. CONCLUSION

For the reasons stated herein, we reverse and remand for service of process and further proceedings consistent with this opinion.