15-2980-pr
*Encarnacion v. Goord*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand sixteen.

PRESENT:  JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

---

BERNABE ENCARNACION,

        *Plaintiff-Appellant,*                    15-2980-pr

v.

GLENN GOORD, COMMISSIONER, DEPARTMENT OF CORRECTIONAL SERVICE, DONALD SELSKY, DIRECTOR OF THE SPECIAL HOUSING UNIT, MICHAEL P. MCGINNIS, SUPERINTENDENT OF THE SOUTHPORT CORRECTIONAL FACILITY, AND DAVID ROCK, SUPERINTENDENT OF THE GREAT MEADOW CORRECTIONAL FACILITY,

        *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          Bernabe Encarnacion, *proceeding pro se*, Attica, NY.

**FOR APPELLEES:**                                        No appearance.


Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 20, 2015 judgment of the District Court is **VACATED IN PART, AND THE CAUSE IS REMANDED**.

Appellant Bernabe Encarnacion ("Encarnacion"), proceeding pro se, appeals from the District Court's judgment dismissing *sua sponte* his 42 U.S.C. § 1983 claims alleging that his Eighth Amendment rights were violated when he was confined in the special housing unit ("SHU") for more than 11 years, and denied hygiene products and food. As permitted by statute, the District Court dismissed these claims prior to service on the defendants.[1] *See* 28 U.S.C. § 1915(e)(2)(B) and 1915A. Nonetheless, we have appellate jurisdiction over an appeal on the *sua sponte* dismissal. *See McEachin v. McGuinnis*, 357 F.3d 197, 200-01 (2d Cir. 2004). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*\*\*

We review the sua sponte dismissal of a complaint de novo. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Pro se submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

"Confinement in a prison or in an isolation cell is a form of punishment subject to scrutiny under Eighth Amendment standards." *Hutto v. Finney*, 437 U.S. 678, 685 (1978). To succeed on an Eighth Amendment claim, a plaintiff must show "(1) a deprivation that is objectively, sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) a sufficiently culpable state of mind on the part of the defendant official." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (internal quotation marks omitted). "[W]hether incarceration in the SHU violates the Eighth Amendment . . . depends on the duration and conditions of confinement." *Gonzalez v. Hasty*, 802 F.3d 212, 224 (2d Cir. 2015). "Although it is perfectly obvious that every decision to remove a particular inmate from the general population . . . could not be characterized as cruel and unusual, it

---

[1] The defendants were never served and, therefore, are not parties to this appeal. *See Lewis v. State of N.Y.* 547 F.2d 4,6 (2d Cir. 1976). However, we directed the New York State Attorney General's Office to file a brief as amicus curiae in support of the position of the defendants. That brief was submitted on September 23, 2016. *See* No. 15-2980, ECF No. 1869920 (Sept. 23, 2016).

is equally plain that the length of confinement cannot be ignored in deciding whether the overall conditions of confinement meet constitutional standards." *Id.* (internal quotation marks and alterations omitted). Courts consider whether the confinement violates "the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958).

Upon review, we conclude that the district erred in dismissing Encarnacion's amended complaint sua sponte because it did not consider the overall conditions of confinement of his SHU sentence. In particular, the District Court failed to consider the relevance of Encarnacion's 11-year confinement in SHU. Moreover, Encarnacion alleged that he was deprived of hygiene products and "daily meals" while in SHU. The district court also should have considered those allegations as part of the overall conditions of his SHU confinement. *See Walker v. Schult*, 717 F.3d 119, 127 (2d Cir. 2013) ("[T]he failure to provide prisoners with toiletries and other hygienic materials may rise to the level of a constitutional violation."); *Robles v. Coughlin*, 725 F.2d 12, 16 (2d Cir. 1983) ("[U]nder certain circumstances a substantial deprivation of food may well be recognized as being of constitutional dimension."). Finally, we cannot "discern from the district court's analysis whether it adequately considered the possibility that [the alleged violation] offends contemporary standards of decency." *Harris v. Miller*, 818 F.3d 49, 65 (2d Cir. 2016).

Because Encarnacion does not raise any issue with respect to the District Court's dismissal of his double jeopardy claim, we conclude that he has abandoned any challenge to the dismissal of that claim. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

Accordingly, the District Court's judgment is **VACATED IN PART, AND THE CAUSE IS REMANDED** for further proceedings consistent with this order.[2]

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

[2] Our vacatur and remand are without prejudice to any dispositive motion that defendants may file after they have been served with the amended complaint.