**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1027
_____

JEROME WASHINGTON,
Appellant

v.

CHRIS ROZICH; C. GRENEVICH, Individually and in their official capacities;
DR. MARTINEZ

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:14-cv-05561)
District Judge: Honorable Eduardo C. Robreno

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 17, 2018

Before: CHAGARES, GREENAWAY, JR., and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 31, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jerome Washington appeals pro se from the District Court's grant of summary judgment in favor of the defendants. We will summarily affirm because no substantial question is presented by this appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Jerome Washington, an inmate confined at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), filed this pro se civil rights action pursuant to 28 U.S.C. § 1983 in September 2014, against Corrections Officer Rozich and Corrections Counselor Grenevich. Washington later amended his complaint to add Dr. Martinez as a defendant, a prison psychiatrist. Washington alleged that, while he was confined at the State Correctional Institution at Graterford ("SCI-Graterford"), defendants violated his Fifth, Eighth, and Fourteenth Amendment rights. Specifically, Washington alleged that Defendants Rozich and Grenevich harassed and threatened him, filed false misconducts reports against him, denied him food, and conspired to send him to the Restricted Housing Unit. Washington alleged that Defendant Martinez denied him adequate medical care and prevented him from receiving necessary mental health medication. Defendant Martinez filed a motion for summary judgment in October 2016, and Defendants Grenevich and Rozich filed a motion for summary judgment in December 2016. By order entered November 30, 2017, the District Court granted the defendants' motions for summary judgment. Washington subsequently filed a motion for reconsideration, which was denied by the District Court. Washington appeals the District Court's judgment.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review of the District Court's order granting summary judgment in the defendants' favor. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007). Summary judgment is appropriately entered only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court that Defendant Martinez was entitled to summary judgment on all claims.[1] Washington's claim that Dr. Martinez violated his Eighth Amendment rights is meritless. To state an Eighth Amendment claim, a plaintiff must allege acts or omissions by prison officials that indicate deliberate indifference to a serious medical need. Estelle v. Gamble, 9429 U.S. 97, 104 (1976); Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). Generally, deliberate indifference occurs when prison authorities deny reasonable requests for medical treatment, thus exposing the inmate "to undue suffering or the threat of tangible residual injury" or, knowing of the need for medical care, intentionally refuse to provide it. Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (internal quotations omitted).

---

[1] The District Court did not address the issue of exhaustion. However, we agree with Defendant Martinez that Washington failed to exhaust his administrative remedies for all claims against him. See Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003); Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002).

Washington alleged that Dr. Martinez denied him adequate medical care and refused to provide him mental health medication. The factual record indicates that Washington received regular mental health care during the period complained of. During his deposition, Washington admitted that he was seen by medical staff whenever he requested care. Washington further admitted that he was on medication consistently until April 2014 and was subsequently "off and on" his medication. Dkt # 88, at 28. In April 2014, Washington's was prescribed a new medication, which Washington refused to take due to its alleged side effects. Though Washington clearly disagrees with Dr. Martinez's decisions in treatment, a mere disagreement in treatment is not an actionable constitutional violation. See Lanzaro, 834 F.2d at 346. Even if Washington's allegations could rise to the level of negligence, simple negligence cannot support an Eighth Amendment claim. See Estelle, 429 U.S. at 106.

Regarding Washington's claim that Dr. Martinez violated his Fifth and Fourteenth Amendment rights, Washington has failed to allege any facts that could constitute a Fifth or Fourteenth Amendment violation.[2]

We also agree with the District Court that Defendants Rozich and Grenevich were entitled to summary judgment. Washington has failed to allege any facts that could

---

[2] To the extent that Washington claims that Defendants Martinez, Rozich, and Grenevich conspired to stop him from receiving medication, remove him from the prison's mental health roster, and send him to the Restricted Housing Unit, this claim is meritless. Other than his conclusory allegations, Washington has failed to show that defendants reached an agreement to deprive him of a constitutional right. See Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1993).

constitute a Fifth Amendment violation by Defendants Rozich and Grenevich.

Washington's claim that Defendants Rozich and Grenevich violated his Fourteenth Amendment rights is similarly meritless. Washington claimed that Defendants Rozich and Grenevich filed false misconduct reports against him, which resulted in him being sent to the Restricted Housing Unit ("RHU"). However, "mere allegations of falsified evidence of misconduct reports, without more, are not enough to state a due process claim." Smith v. Mensinger, 293 F.3d 641, 653–54 (3d Cir. 2002). Because the record shows that Washington was afforded an opportunity to be heard and defend against the allegedly falsified reports, Washington's claim that he was denied due process lacks merit. To the extent that Washington additionally challenges his placement in the RHU, Washington's due process rights were not violated. The imposition of a period of restrictive custody alone generally will not create a liberty interest unless it imposes an "atypical" deprivation compared to the ordinary incidents of prison life. See id. at 653. Washington has failed to present atypical or significant hardship during the time he was held in RHU.

Finally, we agree with the District Court that Defendants Rozich and Grenevich are entitled to summary judgment on Washington's Eighth Amendment claim.[3] Washington claims that he was subjected to cruel and unusual punishment by Defendants Rozich and Grenevich in the form of verbal harassment and withholding meals. Verbal

---

[3] Though the District Court did not address the issue of exhaustion, we agree with Defendants Rozich and Grenevich that Washington failed to exhaust his administrative

harassment of a prisoner, although distasteful, does not violate the Eighth Amendment. McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000). Additionally, the purported deprivation of three meals over the course of three months is not of such magnitude as to rise to the level of a constitutional violation. See Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) (only a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim).[4]

Accordingly, we will affirm the judgment of the District Court.

---

remedies regarding his claim of cruel and unusual punishment.

[4] We have considered Washington's remaining arguments and conclude that they are meritless.