17-777-cv (L)
*Abreu v. Lipka, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of August, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> RICHARD M. BERMAN,
> > *District Judge*.*

---

CARLOS ABREU,

> *Plaintiff-Appellant*,

v.

17-777-cv (Lead)
17-2091-cv (Con)

KIMBERLY LIPKA, MEDICAL NURSE; GREAT MEADOW CORRECTIONAL FACILITY, DOCTOR PAOLANO, PHYSICIAN GREAT MEADOW CORRECTIONAL FACILITY, D. KARANDY, DR.; GREAT MEADOW CORRECTIONAL FACILITY, DCCMO C. KOENIGSMANN, DR.; CHIEF MEDICAL OFFICER; GREAT MEADOW CORRECTIONAL FACILITY, MELISSA VAN ORDER, R.M.; GREAT MEADOW CORRECTIONAL FACILITY, MARCIA ROGUE, R.N.; GREAT MEADOW CORRECTIONAL FACILITY, SHERYL HAVENS, R.N.; GREAT MEADOW CORRECTIONAL FACILITY, LAURIE LAFRESCH, R.N.; GREAT MEADOW CORRECTIONAL FACILITY, CATHERINE BOICE, R.N.; GREAT MEADOW CORRECTIONAL FACILITY, CHRISTINE WATKINS, R.N.; GREAT MEADOW CORRECTIONAL FACILITY, MRS. MARY HARRIS, R.N.; GREAT MEADOW CORRECTIONAL FACILITY, C. MILLER, FACILITY

---

* Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

SUPERINENDENT; GREAT MEADOW CORRECTIONAL FACILITY, ANTHONY ANNUCCI, N.Y.S. DOCCS COMMISSIONER, J. IVES, PSYCHOLOGIST; GREAT MEADOW CORRECTIONAL FACILITY, MS. PAL, PSYCHIATRIST; GREAT MEADOW CORRECTIONAL FACILITY, MR. JACKSON, UNIT CHIEF/MHU/OMH SATELLITE UNIT, MS. COLLINS, ADSP/MENTAL HEALTH SERVICES OF DOCCS, MR. M.F. THOMS, FIRST DEPUTY SUPERINTENDENT; GREAT MEADOW CORRECTIONAL FACILITY, MR. EASTMON, DEPUTY SUPERINTENDENT FOR SECURITY; GREAT MEADOW CORRECTIONAL FACILITY, MS. PEACOCK, DEPUTY SUPERINTENDENT FOR ADMINSTRATOR; GREAT MEADOW CORRECTIONAL FACILITY, DR. ARLISS, ORTHOPEDIST; SULLIVAN CORRECTIONAL FACILITY, B. HILTON, ASSISTANT COMMISSIONER/MENTAL HEALTH SERVICES, K. BELLAMY, DIRECTOR OF THE INMATE GRIEVANCE PROGRAM, C. BOSCUE, SGT/SUPERVISOR OF SHU; GREAT MEADOW CORRECTIONAL FACILITY, H. MCCARTHY, SOCIAL WORKER OF OMH; GREAT MEADOW CORRECTIONAL FACILITY, MR. LYONS, SGT.; SUPERVISOR OF THE MHU; GREAT MEADOW CORRECTIONAL FACILITY, MR. P. MELECIO, DEPUTY SUPERINTENDENT FOR PROGRAM SERVICES; GREAT MEADOW CORRECTIONAL FACILITY, R. LECLAIRE, PSYCHIATRIC NURSE OF OMH/MHU UNIT, P. PINK, PSYCHIATRIC NURSE OF OMH/MHU; GREAT MEADOW CORRECTIONAL FACILITY, J. WINNEY, SHU COUNSELOR; GREAT MEADOW CORRECTIONAL FACILITY, REBBECA BRUNELLE, R.N.; GREAT MEADOW CORRECTIONAL FACILITY,

*Defendant - Appellees.*

---

For Plaintiff-Appellant:     Alessandra DeBlasio, Esq., New York, NY.

For Defendants:     No Appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 16, 2017 judgment of the district court is **AFFIRMED** in part and **VACATED** in part.

Plaintiff-Appellant Carlos Abreu ("Abreu"), a former inmate at the Green Meadows Correctional Facility, appeals from the February 16, 2017 judgment of the United States District Court for the Northern District of New York (Kahn, *J.*) dismissing, *sua sponte*, his 42 U.S.C. § 1983 claims brought *in forma pauperis* against thirty-one defendants. The district court dismissed

Abreu's claims prior to service on any of the defendants for failure to state a claim.[1] *See* 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915(a).

We review *de novo* a district court's *sua sponte* dismissal of a complaint for failure to state a claim. *See Harnage v. Lightner*, 916 F.3d 138, 140 (2d Cir. 2019) (per curiam); *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir. 2001). In doing so, we accept all of the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Abreu's *pro se* complaint is reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and emphasis omitted). In this Circuit, "*sua sponte* dismissal of a *pro se* complaint prior to service of process on defendant is strongly disfavored." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983). In such cases we are mindful that "[u]ntimely dismissal may prove wasteful of the court's limited resources rather than expeditious, for it often leads to a shuttling of the lawsuit between the district and appellate courts." *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (quoting *Lewis v. State of New York*, 547 F.2d 4, 6 (2d Cir. 1976)). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] Because the district court dismissed Abreu's complaint *sua sponte* prior to its service on any defendant, no defendant has appeared in the case, either in the district court or on appeal. *See Lewis v. State of N.Y.*, 547 F.2d 4, 6 (2d Cir. 1976). Nonetheless, we retain appellate jurisdiction over this appeal, *see McEachin v. McGuinnis*, 357 F.3d 197, 200–01 (2d Cir. 2004), and we directed the New York State Attorney General's Office to file a brief as *amicus curiae* in support of the position of the defendants. The brief was submitted on July 22, 2019. *See* No. 17-777, ECF No. 101 (July 22, 2019).

**A. Eighth Amendment Claims**

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII. Abreu asserts Eighth Amendment claims under § 1983 predicated on three different theories: (1) denial of adequate medical care; (2) unconstitutional conditions of confinement; and (3) denial of adequate nutrition. To succeed on any of his Eighth Amendment claims, Abreu must satisfy both an "objective" and a "subjective" prong, demonstrating "(1) a deprivation that is objectively, sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) a sufficiently culpable state of mind on the part of the defendant official." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (internal quotation marks omitted).

First, we conclude that the district court erred in dismissing *sua sponte* Abreu's Eighth Amendment claim arising out of the alleged inadequacy of the medical care provided to him. An Eighth Amendment claim predicated on inadequate medical care requires a plaintiff to demonstrate a defendant's "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The medical need is considered "serious" where the denial of treatment "could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quotation marks omitted). "Deliberate indifference" requires allegations of the defendants' subjective state of mind: that the prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (internal quotation marks omitted).

We believe that a liberal reading of Abreu's allegations suffices at this early stage of the litigation to indicate that a valid claim might be stated. Abreu claims that upon his transfer to the Great Meadow Correctional Facility, Defendants Paolano, Karandy and Koenigsmann

4

discontinued various, significant medical treatments he was then undergoing, ignoring the recommendations of his prior physician. He also claims that he subsequently experienced daily chronic pain, bleeding and the exacerbation of his tuberculosis and mental health problems. Abreu further alleges that Dr. Paolano refused to review his medical records, treat his pain or examine him. Instead, during various sessions, Dr. Paolano allegedly screamed racial epithets at him and told him he didn't "care [about Abreu's] pain." Appendix ("A") 17. He also alleges that Defendant Nurse Lipka denied him even over-the-counter pain medications and consistently berated him despite his daily complaints of pain. While the district court characterized Abreu's allegations as "vague" because they "lack dates," A. 66, we "note that the failure to allege specific dates does not necessarily run afoul of [federal pleading requirements], especially where, as here, the plaintiff lacks ready access to his medical records." *Harnage*, 916 F.3d at 142.

Second, we affirm the district court's dismissal of Abreu's unconstitutional conditions of confinement claim. "Although the Constitution does not require 'comfortable' prison conditions, the conditions of confinement may not 'involve the wanton and unnecessary infliction of pain.'" *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Abreu's complaint, however, even "liberally construed," simply fails to plead the objective component of an Eighth Amendment conditions of confinement claim because it contains only vague allegations of generally unpleasant temperatures and unsanitary conditions.

Third, we affirm the district court's dismissal of Abreu's Eighth Amendment claim arising out of the alleged inadequacy of the food provided to him at Great Meadow. Abreu asserts that he was put on an insufficient diet consisting of "nutraloaf." A. 22. The Eighth Amendment prohibition against cruel and unusual punishment requires "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of

5

the inmates who consume it." *Willey v. Kirkpatrick*, 801 F.3d 51, 69 (2d Cir. 2015) (quoting *Robles*, 725 F.2d at 15). While Abreu may have adequately pled the objective element of an inadequate nutrition claim, his complaint fails to state a claim because it does not allege the parties responsible for imposing this diet or any facts from which it could be inferred that they understood the diet would cause him significant physical harm. Without more, his inadequate nutrition claim must fail. *See Phelps v. Kapnolas*, 308 F.3d 180, 185–86 (2d Cir. 2002) (noting that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference" (internal quotation marks omitted)).

## B.  First Amendment Claims

### 1.  Free Exercise Claim

Next, we affirm the dismissal of Abreu's free exercise claim. "To assess a free exercise claim, a court must determine (1) whether the practice asserted is religious in the person's scheme of beliefs, and whether the belief is sincerely held; (2) whether the challenged practice of the prison officials infringes upon the religious belief; and (3) whether the challenged practice of the prison officials furthers some legitimate penological objective." *Farid v. Smith*, 850 F.2d 917, 926 (2d Cir. 1988). Abreu converted to Judaism in 2006, and he claims that restrictions to his diet served to deny him the right to observe his Jewish faith. But again, to prevail on a First Amendment claim under § 1983, Abreu "must show by a preponderance of the evidence that [a] defendant was personally involved—that is, he directly participated—in the alleged constitutional deprivations." *Gronowski v. Spencer*, 424 F.3d 285, 293 (2d Cir. 2005). Abreu's allegations fail to

6

demonstrate any official's personal involvement in the decision to interfere with the free exercise of his religion, and the district court therefore did not err in dismissing it.

### 2. Retaliation Claim

Finally, we conclude that the district court erred in *sua sponte* dismissing Abreu's retaliation claim. To prevail on a First Amendment retaliation claim under § 1983, an inmate must establish "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected [conduct] and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009) (internal quotation marks omitted). Abreu's complaint alleges that on October 28, 2015 Sergeant Ives stood outside his cell and threatened him, stating that Abreu needed to "pay" for filing various grievances against Green Meadow personnel. A. 35. Abreu alleges that moments later he observed Sergeant Ives speak with Sergeant Boscue who (along with Sergeant Lyons) took him to an "observation cell" where he was assaulted, an experience that reinjured his surgically repaired hand. A. 35–36. Additionally, Abreu alleges that Dr. Pal accompanied Sergeant Ives to Abreu's cell and informed him that she was discontinuing his medication because he "need[ed] to be punished" for the grievances. A. 42. Finally, he alleges that immediately after he filed grievances against her, Defendant Nurse Lipka denied him medication, filed false misbehavior reports, and screamed racial slurs at him in retaliation for those grievances.

Given the above-recounted facts asserted in Abreu's complaint, the district court erred in dismissing his retaliation claim at this early stage. It is well settled that filing a grievance or lawsuit is constitutionally protected conduct. *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003). And a severe beating, false misbehavior reports, or the withholding of medication could constitute sufficiently adverse actions that would deter a prisoner of "ordinary firmness" from exercising his

7

rights. *Gill v. Pidlypchak*, 389 F.3d 379, 384 (2d Cir. 2004). Additionally, Abreu's allegations, read liberally, suggest that a "causal connection" between his protected activity and these adverse actions may be adequately pled. *Espinal*, 558 F.3d at 129. Therefore, we find that at this stage, "a liberal reading of the complaint gives an[] indication" that a plausible First Amendment retaliation claim "might be stated." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam).

\* \* \*

We have considered Abreu's remaining arguments and find them to be without merit. We therefore **AFFIRM** the dismissal of Abreu's Eighth Amendment inadequate nutrition and conditions of confinement claims and his First Amendment free exercise claim.[2] We **VACATE** the judgment of the district court on Abreu's First Amendment retaliation claim and his Eighth Amendment inadequate medical care claim, and we **REMAND** for further proceedings consistent with this order.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] In affirming the district court's dismissal of some of Abreu's claims, we also affirm the district court's May 19, 2017 decision and order denying Abreu's motion to vacate the judgment brought under Federal Rule of Civil Procedure 60(b) following his failure to timely amend his complaint. The district court did not abuse its discretion in concluding that Abreu's months-long failure to amend his complaint was not justified by the "limited set of circumstances" that allow for a properly granted Rule 60 motion. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

[3] Our vacatur and remand are without prejudice to any motion to dismiss the complaint that defendants may file after they have been served with the complaint.