**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-3512
_____


COLLETTE DAVIS; ERICA WILLIAMS;
KEVIN KELLER; CHARLENE MURDOCH, on behalf of
themselves and all other employees similarly situated,
Appellants

v.

ABINGTON MEMORIAL HOSPITAL;
ABINGTON HEALTH;
ABINGTON MEMORIAL HOSPITAL FOUNDATION;
LANSDALE HOSPITAL


_____

No. 12-3514
_____


KENNETH LYNN; CHARLENE AGNEW;
MARGARET KNAPP, on behalf of themselves and
all other employees similarly situated,
Appellants

v.

ARIA HEALTH SYSTEM;
ARIA HEALTH - FRANKFORD CAMPUS;
ARIA HEALTH - TORRESDALE CAMPUS;
ARIA HEALTH - BUCKS COUNTY CAMPUS

_____

No. 12-3515
_____


KENNETH LYNN; ACADIA WILCOX;
LORETTA MCDONNELL; GERARDINA ILARIA;
PATRICIA GREEN, on behalf of themselves
and all other employees similarly situated,
Appellants

v.

JEFFERSON HEALTH SYSTEM;
THOMAS JEFFERSON UNIVERSITY HOSPITAL;
MCGEE REHABILITATION HOSPITAL;
MAIN LINE HEALTH INC;
ALBERT EINSTEIN HEALTHCARE NETWORK;
ARIA HEALTH SYSTEM


_____

No. 12-3521
_____


CASSANDRA RUFF; KESHA CARDWELL, on behalf of
themselves and all other employees similarly situated,
Appellants

v.

ALBERT EINSTEIN HEALTHCARE NETWORK;
ALBERT EINSTEIN MEDICAL CENTER

_____

No. 12-3522
_____

JOHN DUNCHESKIE; DIANE READ; THELMA HARRIS;
ELEANOR JACKSON
Appellants

v.

TEMPLE UNIVERSITY HEALTH;
TEMPLE UNIVERSITY HOSPITAL;
EPISCOPAL HOSPITAL; JEANES HOSPITAL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Nos. 2-09-cv-05520, 2-09-cv-05548, 2-09-cv-05549,
2-09-cv-05550, 2-09-cv-05551)
District Judge:  Honorable Cynthia M. Rufe

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 10, 2014
_____

Before:  CHAGARES, SHWARTZ, and ALDISERT,
<u>Circuit Judges</u>.

(Filed: August 26, 2014)

_____

OPINION
_____

Jared K. Cook, Esq.
Michael J. Lingle, Esq.
J. Nelson Thomas, Esq.
Thomas & Solomon
693 East Avenue
Rochester, NY 14607
    *Attorneys for Appellants*

3

Kristen E. DiMaria, Esq.
Julie A. Donahue, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart
1735 Market Street, Suite 3000
Philadelphia, PA 19103

Andrea M. Kirshenbaum, Esq.
Post & Schell
1600 John F. Kennedy Boulevard
Four Penn Center, 14th Floor
Philadelphia, PA 19103

Christopher J. Moran, Esq.
Jan P. Levine, Esq.
Andrea T. Ohta, Esq.
Sara B. Richman, Esq.
Robin P. Sumner, Esq.
Justin J. Williams, Esq.
Pepper Hamilton
18th & Arch Streets
3000 Two Logan Square
Philadelphia, PA 19103

Eric J. Bronstein, Esq.
John M. Elliott, Esq.
Mark J. Schwemler, Esq.
Gregory S. Voshell, Esq.
Elliott Greenleaf & Siedzikowski
925 Harvest Drive
Suite 300, Union Meeting Corporate Center V
Blue Bell, PA 18422

Sean P. McDevitt, Esq.
Kali T. Wellington-James, Esq.
Pepper Hamilton
899 Cassatt Road
400 Berwyn Park
Berwyn, PA 19312

Larry R. Wood, Jr., Esq.
Blank Rome
130 North 18th Street
One Logan Square
Philadelphia, PA 19103

Alexandra Bak-Boychuk, Esq.
Shannon D. Farmer, Esq.
David S. Fryman, Esq.
John B. Langel, Esq.
Rebecca L. Massimini, Esq.
Ballard Spahr
1735 Market Street
51st Floor
Philadelphia, PA 19103
        *Attorneys for Appellees*

CHAGARES, Circuit Judge.

This is an appeal from, inter alia, the District Court's order dismissing the third amended complaint in five cases: Collette Davis, et al. v. Abington Memorial Hospital, et al., No. 09-cv-05520; Kenneth Lynn, et al. v. Aria Health System, et al., No. 09-cv-05548; Kenneth Lynn, et al. v. Jefferson Health System, Inc., et al., No. 09-cv-05549; Cassandra Ruff, et al. v. Albert Einstein Healthcare Network, et al., No. 09-cv-05550; and John Duncheskie, et al. v. Temple University Health System, Inc., No. 09-cv-05551.[1] Each of these putative collective and class actions arose from the plaintiffs' allegations that their employers, defendant healthcare systems and affiliates (collectively, the "defendants"), implemented timekeeping and pay policies that failed to compensate them for all hours worked in violation of the Fair Labor Standards Act ("FLSA") and Pennsylvania law. For the reasons that follow, we will affirm.

---

[1] The District Court's order dismissing Susan Frattarola, et al. v. Mercy Health System of Southeastern Pennsylvania, et al., No. 09-cv-5533, was also appealed, but we subsequently dismissed that appeal pursuant to Federal Rule of Appellate Procedure 42(b). See No. 12-3513.

I.

The five cases on appeal are among several similar actions brought by a single law firm alleging systemic underpayment in the healthcare industry. The parties are nurses and other patient-care professionals, on behalf of a putative class, and their alleged employers. Allegedly, the defendants[2] maintained three unlawful timekeeping and pay policies (collectively, the "Policies"). First, under the "Meal Break Deduction Policy," the defendants' timekeeping system automatically deducted thirty minutes of pay daily for meal breaks without ensuring that the employees actually received a break. Second, under the "Unpaid Pre- and Post-Schedule Work Policy," the defendants prohibited employees from recording time worked outside of their scheduled shifts. Third, under the "Unpaid Training Policy," the defendants did not pay employees for time spent at "compensable" training sessions. Because of the Policies, the plaintiffs allege that they "regularly worked hours both under and in excess of [forty] per week and were not paid for all of those hours." Appendix ("App.") 845, 1469, 1655, 2330–31, 3259.

In November 2009, the plaintiffs filed parallel complaints in the United States District Court for the Eastern District of Pennsylvania against the defendants,[3] asserting violations of the FLSA, 29 U.S.C. §§ 201, et seq.; the Employee Retirement Income Security Act of 1974

---

[2] The defendants are: (1) Abington Memorial Hospital, Abington Health, Abington Memorial Hospital Foundation, and Lansdale Hospital; (2) Aria Health System, Aria Health–Frankford Campus, Aria Health–Torresdale Campus, and Aria Health–Bucks County Campus; (3) Jefferson Health System, Inc., Thomas Jefferson University Hospitals, Inc., Magee Rehabilitation Hospital, and Main Line Health, Inc.; (4) Albert Einstein Healthcare Network and Albert Einstein Medical Center; (5) Temple University Health System, Inc., Temple University Hospital, Inc., Episcopal Hospital, and Jeanes Hospital.

[3] A seventh complaint was filed against the University of Pennsylvania Medical Center and related entities, see No. 09-cv-5547; that case later settled.

("ERISA"), 29 U.S.C. §§ 1001, et seq.[4]; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, et seq. Less than one week later, the same individual plaintiffs filed suit in the Court of Common Pleas of Philadelphia County, alleging that the Policies violated the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 Pa. Stat. Ann. §§ 260.3, et seq.; the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. §§ 333.101, et seq.; and Pennsylvania common law.

The defendants timely removed six of the seven state court actions to federal court, on the basis that several of the claims were completely preempted by ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1), and supplemental jurisdiction existed over the remaining claims because they formed part of the same case or controversy. The Jefferson Health and Albert Einstein defendants additionally argued that the plaintiffs' PWPCL and breach of contract claims were completely preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The District Court denied the plaintiffs' motions to remand on September 15, 2010, holding that ERISA preempted the state claims "in full" and LMRA § 301 completely preempted the plaintiffs' PWPCL and breach of contract claims. App. 193–99. In the same order, the court consolidated each of the state cases with its federal counterpart and directed the plaintiffs to file consolidated complaints.

The plaintiffs filed amended complaints on October 15, 2010, averring, as before, that the defendants: denied them overtime in violation of the FLSA; failed to keep accurate records and breached their fiduciary duties in violation of ERISA; and, in so doing, violated RICO. The amended complaints also reasserted all of the state law claims. The District Court granted the defendants' joint motions to dismiss in a consolidated opinion. It found that the amended complaints did not plausibly allege that the

---

[4] The plaintiffs' ERISA claims were: failure to keep accurate records sufficient to determine benefits in violation of ERISA's recordkeeping provision under 29 U.S.C. § 1059(a)(1) (ERISA § 209(a)(1)); and breach of fiduciary duty under 29 U.S.C. § 1104(a)(1) (ERISA § 404(a)(1)).

defendants were the plaintiffs' employers and thus failed to state claims under the FLSA or ERISA. It also dismissed the RICO claims, on the ground that the complaints did not adequately allege the predicate act of mail fraud. Further, it "decline[d] to exercise supplemental jurisdiction" over the state law claims. App. 54. The court granted the plaintiffs leave to amend, but cautioned them to "remedy the gaping deficiencies" observed by it and other district courts that have dismissed substantially similar complaints. App. 55 & nn.70–72 (citing cases). In particular, the plaintiffs were instructed to "clari[fy]" whether they were also seeking gap time wages. App. 49 n.49.

After the plaintiffs filed a second amended complaint in each case, the parties stipulated to the filing of third amended complaints. The third amended complaints, which were filed on February 10, 2012, abandoned the ERISA and RICO claims and instead sought relief solely under the FLSA and Pennsylvania law. The defendants moved to dismiss, and the District Court granted their motions in another consolidated opinion. The court dismissed the plaintiffs' FLSA claims with prejudice[5] on the grounds that they failed to plausibly allege employer-employee relationships between the plaintiffs and all of the defendants, or that any of the named plaintiffs had worked overtime and were not compensated. The court again "decline[d] to exercise supplemental jurisdiction" over the remaining state law claims, which it dismissed without prejudice to their reassertion in state court. App. 7, 72. The plaintiffs timely appealed "each and every part of this final order," including the District Court's September 15, 2010 orders denying their motions to remand the state cases to the Philadelphia Court of Common Pleas. App. 8.

II.

The District Court had subject matter jurisdiction over the plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331, and we exercise jurisdiction over the District Court's dismissal of

---

[5] The court also specifically denied the plaintiffs leave to amend their third amended complaints.

8

those claims pursuant to 28 U.S.C. § 1291.[6] Our review over a district court's grant of a motion to dismiss under Rule 12(b)(6) is plenary. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A.

---

[6] In addition to appealing the District Court's dismissal of their FLSA claims, the plaintiffs appealed from (and the parties' briefs discuss at length) the District Court's order denying the plaintiffs' motions to remand the state cases on the basis that they were completely preempted by ERISA § 502(a) and LMRA § 301. We need not rule on whether the court's preemption ruling was correct because the issue is moot in light of the District Court's later orders — which the defendants do not challenge — dismissing all of the state law claims pursuant to 28 U.S.C. § 1367. We further express no opinion as to whether the plaintiffs' state law claims are preempted by ERISA § 514(a), which provides, in relevant part, that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added); see Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 355 (3d Cir. 1995) ("Removal and preemption are two distinct concepts." (quotation marks omitted)); see also N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J., --- F.3d ---, 2014 WL 3702591, at *3 (3d Cir. 2014) ("Complete preemption under § 502(a) is a jurisdictional concept, whereas express preemption under § 514 is a substantive concept governing the applicable law." (quotation marks omitted)).

9

The plaintiffs first argue that the defendants did not compensate them for hours worked in excess of forty per week during meal breaks, at training programs, and outside of their scheduled shifts. The District Court found that the plaintiffs' overtime claim was factually inadequate, on the ground that, "[t]he abundance of allegations notwithstanding," the plaintiffs "failed to allege a single specific instance in which a named Plaintiff worked overtime and was not compensated for this time." App. 70, 72 n.65. On appeal, the plaintiffs insist that "[n]othing in Twombly or Iqbal" requires them to plead the exact dates and times that they worked overtime. Plaintiffs' Br. 27.

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1527 (2013). Generally, an employer must pay its employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206, and must pay one and one-half times the employer's regular wage for hours worked in excess of forty hours per week, id. § 207. Employers who violate these provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." Id. § 216(b). Thus, to recover overtime compensation under the FLSA, "an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference." Davis v. Food Lion, 792 F.2d 1274, 1276 (4th Cir. 1986) (citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)).

The level of detail necessary to plead a FLSA overtime claim poses a more difficult question — one that has "divided courts around the country." Nakahata v. N.Y.–Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013). Some courts have required plaintiffs to allege approximately the number of hours worked for which wages were not received. See, e.g., Jones v. Casey's Gen. Stores, 538 F. Supp. 2d 1094, 1102–03 (S.D. Iowa 2008) (holding that a complaint alleging that the plaintiffs "regularly worked

10

regular time and overtime each week but were not paid regular and overtime wages" was "implausible on its face" (quotation marks omitted)). Other courts have adopted a more lenient approach, holding that, "[w]hile Defendants might appreciate having Plaintiffs' estimate of the overtime hours worked at [the pleading stage]," a FLSA complaint will survive dismissal so long as it alleges that the employee worked more than forty hours in a week and did not receive overtime compensation. Butler v. DirectSat USA, LLC, 800 F. Supp. 2d 662, 668 (D. Md. 2011).

We agree with the middle-ground approach taken by the Court of Appeals for the Second Circuit in Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106 (2d Cir. 2013). In Lundy, the court held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours." Id. at 114 (emphases added) (citing 29 U.S.C. § 207(a)(1) (requiring that, "for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated time and a half for the excess hours)).

Similar to the plaintiffs here, the plaintiffs in Lundy alleged that their employers, a collection of hospitals, healthcare providers, and related entities, failed to compensate them adequately for time worked during breaks, outside of scheduled shifts, and during required training sessions. Id. at 109. Plaintiff Patricia Wolman "typically" worked 37.5 hours per week, "occasionally" worked an additional 12.5-hour or "slightly longer" shift, and was not compensated for, inter alia, work done during thirty-minute meal breaks (which were "typically" missed or interrupted) or outside of her scheduled shifts ("typically" an extra fifteen minutes per shift). Id. at 114–15 (quotation marks omitted). The court held that Wolman failed to state a claim for overtime because, while her allegations could "theoretically" put her over the forty-hour mark "in one or another unspecified week (or weeks)," they "suppl[ied] nothing but low-octane fuel for speculation" as to that conclusion. Id. at 115. Plaintiff Kelly Iwasiuk similarly averred that she "typically" worked thirty hours per week, worked extra shifts totaling between 37.5 and forty-five hours "approximately

11

twice a month," and was not compensated for, <u>inter alia</u>, work done during meal breaks or outside of her scheduled shifts. <u>Id.</u> (quotation marks omitted). Like Wolman, Iwasiuk "d[id] not allege that she was denied overtime pay in a week where she worked . . . additional shifts." <u>Id.</u> The court therefore held that Iwasiuk's allegations were similarly implausible. <u>Id.</u>

Under Federal Rule of Civil Procedure 8(a)(2), a "plausible" claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. Because Wolman and Iwasiuk each failed to allege "a single workweek in which [she] worked at least [forty] hours and also worked uncompensated time in excess of [forty] hours," they did not satisfy this standard, and the Court of Appeals affirmed the district court's dismissal of the FLSA overtime claims. <u>Lundy</u>, 711 F.3d at 114–15.

In the present case, each named plaintiff alleges that he or she "typically" worked shifts totaling between thirty-two and forty hours per week and further alleges that he or she "frequently" worked extra time. For instance, Collette Davis "typically" worked the 3:00 p.m. to 11:30 p.m. shift five days per week, totaling forty hours, exclusive of the 2.5 hours deducted from her pay for meal periods (during which she "frequently" worked), the one to two hours she worked after her shift, and the twenty hours of annual continuing education units she was required to complete. App. 820–21. Because they "typically worked full time, or very close to it" and "also worked several hours of unpaid work each week," Plaintiffs' Br. 24, the plaintiffs surmise that "[i]t [is] certainly plausible that at least some of the uncompensated work was performed during weeks when the plaintiffs['] total work time was more than forty hours," Plaintiffs' Br. 27. We disagree.

Determining whether a plausible claim has been pled is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679. None of the named plaintiffs has alleged a single workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours. Of the four named plaintiffs who allege that they

12

"typically" worked at least forty hours per week, in addition to extra hours "frequently" worked during meal breaks or outside of their scheduled shifts — Davis, Erica Williams, Gerardina Ilaria, and Diane Read — none indicates that she in fact worked extra hours <u>during</u> a typical (that is, a forty-hour) week. Their allegations are therefore insufficient. <u>See, e.g.</u>, <u>Lundy</u>, 711 F.3d at 114 ("[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a <u>given</u> workweek <u>as well as</u> some uncompensated time in excess of the [forty] hours." (emphases added)); <u>see also</u> <u>Nakahata</u>, 723 F.3d at 201 (citing <u>Lundy</u> and holding that "[p]laintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week").

In reaching this conclusion, we do not hold that a plaintiff must identify the exact dates and times that she worked overtime. For instance, a plaintiff's claim that she "typically" worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of <u>those</u> forty-hour weeks, would suffice.[7] But no such allegation is present in this case.

---

[7] In <u>Manning v. Boston Medical Center Corp.</u>, 725 F.3d 34 (1st Cir. 2013), the Court of Appeals for the First Circuit considered allegations that the plaintiffs were scheduled to work forty hours per week "regularly," "approximately once a month," and "at least once a year." <u>Id.</u> at 46 (quotation marks omitted). Because "[a]ny time that they worked during meal breaks, before or after their shifts, and in training periods, would thus entitle them to overtime compensation," the court held that the allegations stated a FLSA overtime claim under the <u>Lundy</u> standard. <u>Id.</u> at 46–47. Admittedly, unlike the plaintiffs in <u>Manning</u>, and certain of the named plaintiffs in this case, none of the plaintiffs in <u>Lundy</u> alleged that they typically worked, at a minimum, forty hours per week. However, we do not interpret <u>Lundy</u> to hinge on the absence of such allegations. Instead, we read the decision to hold that a plaintiff must connect the dots between bare allegations of a "typical" forty-hour workweek and bare allegations of work completed outside of regularly scheduled shifts, so that the

Accordingly, the District Court did not err in dismissing the plaintiffs' claims for overtime under the FLSA.

B.

The plaintiffs also challenge the District Court's determination that their claims for gap time are not within the FLSA's purview.

In addition to seeking unpaid overtime compensation, employees may seek to recover wages for uncompensated hours worked that "fall between the minimum wage and the overtime provisions of the FLSA," otherwise known as "gap time." Adair v. City of Kirkland, 185 F.3d 1055, 1062 (9th Cir. 1999). Gap time

> refers to time that is not covered by the overtime provisions because it does not exceed the overtime limit, and to time that is not covered by the minimum wage provisions because, even though it is uncompensated, the employees are still being paid a minimum wage when their salaries are averaged across their actual time worked.

Id. at 1062 n.6. In other words, "gap time" is non-overtime hours worked for which an employee is not compensated. Because an employee has a sufficiently high hourly rate, when all compensated and non-compensated hours are divided into the weekly pay, the employee's average hourly pay still exceeds the FLSA minimum.

Courts widely agree that there is no cause of action under the FLSA for "pure" gap time wages — that is, wages for unpaid work during pay periods without overtime. See, e.g., Nakahata, 723 F.3d at 201 ("[T]he FLSA is unavailing

allegations concerning a typical forty-hour week include an assertion that the employee worked additional hours during such a week, and we believe that this middle-ground approach is the correct one.

where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold."); Monahan v. Cnty. of Chesterfield, Va., 95 F.3d 1263, 1280 (4th Cir. 1996) (same). However, some courts have recognized as viable gap time claims by an employee who exceeds the overtime threshold, but whose employment contract does not compensate him or her for all non-overtime hours ("overtime gap time"). See, e.g., Monahan, 95 F.3d at 1272–73; Valcho v. Dallas Cnty. Hosp. Dist., 658 F. Supp. 2d 802, 811–12 (N.D. Tex. 2009); Koelker v. Mayor & City Council of Cumberland, 599 F. Supp. 2d 624, 635 (D. Md. 2009); cf., e.g., 29 C.F.R. §§ 778.315, 778.317, 778.322.

As an initial matter, we agree with the clear weight of authority and hold that pure gap time claims — straight time wages for unpaid work during pay periods without overtime — are not cognizable under the FLSA, which requires payment of minimum wages and overtime wages only. See 29 U.S.C. §§ 201–19. The District Court therefore correctly found that, "[t]o the extent Plaintiffs seek recovery under the FLSA for hours worked but not compensated below the [forty]-hour weekly threshold . . . the FLSA does not provide [them] the remedy they seek." App. 69 (emphasis added); see also App. 845, 1469, 1655, 2330–31, 3259 (alleging that the plaintiffs "regularly worked hours both under and in excess of [forty] per week and were not paid for all of those hours" (emphasis added)). The court did not address, however, the possibility that the plaintiffs' gap time claims might constitute claims for "overtime gap time." We need not resolve the issue in this case because, as discussed above, the plaintiffs have not plausibly alleged that they worked overtime in any given week.[8] The District Court's order dismissing the third amended complaints will therefore be affirmed.

---

[8] The District Court additionally found that the plaintiffs' third amended complaints did not plausibly allege that an employer-employee relationship existed between certain of the defendants and the named plaintiffs. See, e.g., App. 65–68. Having concluded that the plaintiffs failed to state a plausible claim for overtime against any of the defendants, we need not address this issue. We also need not address the defendants' argument that the Meal Break Deduction policy

15

C.

The plaintiffs finally contend that the District Court erred in denying them another opportunity to amend the complaint. We review for abuse of discretion. <u>Krantz v. Prudential Invs. Fund Mgmt. LLC</u>, 305 F.3d 140, 144 (3d Cir. 2002).

In its September 8, 2011 opinion dismissing the amended complaint, the District Court emphasized that any repleaded allegations would have to remedy the "gaping deficiencies" identified by "at least seven other district courts" that had dismissed similar complaints filed by the same counsel. App. 55 & n.70. "A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." <u>Krantz</u>, 305 F.3d at 144. Because the plaintiffs were on notice as to the deficiencies of their complaints, the District Court did not abuse its discretion by denying the plaintiffs leave to file a fourth amended complaint.

III.

For the foregoing reasons, the District Court's orders will be affirmed.

---

does not, as a matter of law, violate the FLSA. <u>See</u> Defendants' Br. 35–42.