NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAKSHMI ARUNACHALAM,**

*Plaintiff-Appellant*

**v.**

**INTERNATIONAL BUSINESS MACHINES CORPORATION, SAP AMERICA, INC., J.P. MORGAN CHASE & CO., RICHARD G. ANDREWS,**

*Defendants-Appellees*

**DOES 1-100,**

*Defendant*

---

2018-2105

---

Appeal from the United States District Court for the District of Delaware in No. 1:16-cv-00281-RGA, Judge Richard G. Andrews.

---

Decided: January 28, 2019

---

LAKSHMI ARUNACHALAM, Menlo Park, CA, pro se.

MARK J. ABATE, Goodwin Procter LLP, New York, NY, for defendant-appellee International Business Machines Corporation. Also represented by CALVIN E. WINGFIELD,

JR., AVIV ZALCENSTEIN; KEVIN J. CULLIGAN, Maynard, Cooper & Gale, PC, New York, NY.

THARAN GREGORY LANIER, Jones Day, Palo Alto, CA, for defendant-appellee SAP America, Inc. Also represented by JOSEPH BEAUCHAMP, Houston, TX.

DOUGLAS R. NEMEC, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, for defendant-appellee J.P. Morgan Chase & Co. Also represented by EDWARD TULIN; ROBERT SCOTT SAUNDERS, Wilmington, DE.

LAURA MYRON, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee Richard G. Andrews. Also represented by MICHAEL S. RAAB; DAVID C. WEISS, Office of the United States Attorney for the District of Delaware, United States Department of Justice, Wilmington, DE.

———————————————

Before DYK, WALLACH, and CHEN, *Circuit Judges.*

PER CURIAM.

Dr. Lakshmi Arunachalam, proceeding pro se, appeals multiple decisions from the United States District Court for the District of Delaware, including its dismissal of a patent infringement claim, dismissal of civil claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), denial of leave to file a second amended complaint, denials of motions for recusal, and various other rulings. For the reasons explained below, we *affirm.*

## I.  PROCEDURAL HISTORY

### A. Complaint

Dr. Arunachalam filed an initial complaint on April 20, 2016, which she amended as of right on May 13, 2016. The First Amended Complaint was filed against four

named defendants, including International Business Machines Corporation (IBM), SAP America, Inc. (SAP), JPMorgan Chase & Co. (JPMorgan), Judge Richard G. Andrews (the assigned judge) of the U.S. District Court for the District of Delaware, as well as unnamed Does 1–100. The First Amended Complaint listed four counts. Count I alleged that IBM infringed claims 20 and 21 of Dr. Arunachalam's U.S. Patent No. 7,340,506 ('506 Patent). Counts II through IV alleged that all defendants violated various provisions under §§ 1961 and 1962 of the RICO Act based on a "pattern of racketeering activity" and "conspiracy" to engage in such. These counts revolve around alleged involvement of IBM, SAP, JPMorgan, and Does 1–100 in the distribution of allegedly infringing software code by the IBM Eclipse Foundation, and Judge Andrews's alleged actions depriving Dr. Arunachalam of relief in the district court.

## B. Motions for Recusal

Throughout the litigation, Dr. Arunachalam filed numerous motions to recuse Judge Andrews for unfavorable rulings issued in prior cases, but all were denied as having "no valid basis for requesting recusal."

On July 7, 2016, the Government filed a Statement of Interest urging the district court to dismiss all claims against Judge Andrews, to whom the case had been initially assigned. Upon Judge Andrews's request, the case was reassigned to Chief Judge Stark for the limited purpose of deciding the Government's motion to dismiss claims against Judge Andrews. Judge Andrews retained jurisdiction over the claims against the other defendants. Following reassignment, Dr. Arunachalam moved to recuse Chief Judge Stark, alleging various acts that purportedly warranted disqualification, such as Chief Judge Stark's previous mediation involving Dr. Arunachalam, his prior work at one of the law firms representing one of the defendants, and his alleged financial holdings

in one or more of the Defendants and members of The IBM Eclipse Foundation. This motion for recusal was also denied.

Subsequently, Chief Judge Stark granted the Government's motion to dismiss claims against Judge Andrews on the basis of judicial immunity, explaining that Dr. Arunachalam's allegations against Judge Andrews "sp[oke] to actions taken by him in the performance of his judicial duties." Appx13.[1] Chief Judge Stark also found that Judge Andrews had not been stripped of judicial immunity, given that the First Amended Complaint did not show that his actions were taken in "clear absence of his jurisdiction." Appx14.

## C. RICO Claims (Counts II–IV)

On March 21, 2017, the district court dismissed, without prejudice, Counts II through IV (corresponding to all RICO allegations) against the remaining defendants under Fed. R. Civ. P 12(b)(6). The district court found that there were "no allegations of any racketeering activity." Appx25. Further, the district court found that Dr. Arunachalam's factual allegations were directed to patent infringement, which could not legally serve as a predicate act for RICO claims. Recognizing that Dr. Arunachalam was a *pro se* litigant, however, the court offered Dr. Arunachalam an opportunity to cure the pleading deficiencies by allowing her to move for leave to file further amendments to the complaint, specifically directing her to comply with D. Del. LR 15.1.

---

1    "Appx" refers to the "Plaintiff-Appellants' Appendix of Exhibits for Appeal Filed as Informal Opening Appeal Brief" filed on June 24, 2018.

### D. Proposed Second Amended Complaint

On April 17, 2017, Dr. Arunachalam timely filed a proposed Second Amended Complaint. However, the district court denied leave to amend. It based its denial on two independent reasons, finding that Dr. Arunachalam: 1) failed to comply with D. Del. LR 15.1, which the court had explicitly directed her to follow in any proposed second amended complaint; and 2) failed to cure the pleading deficiencies in the previous amended complaint. Given the course of the proceedings, the court additionally noted that "any further attempt to amend would be futile." Appx29. As a result, the case proceeded with only the patent infringement claim against IBM.

### E. Patent Infringement Claim (Count I)

On December 21, 2017, while the district court case was still pending, the Patent Trial and Appeal Board (Board) issued a Final Written Decision invalidating both asserted claims of the '506 Patent in a parallel Covered Business Method (CBM) proceeding. Final Written Decision, CBM2016-00081, at 58.

The deadline to appeal the Board's decision was February 22, 2018. 37 C.F.R. § 90.3(a). But Dr. Arunachalam never filed an appeal. On February 28, 2018, IBM moved to dismiss the sole pending claim of patent infringement based on the Board's decision rendering all asserted patent claims invalid. On May 22, 2018, the district court dismissed the case with prejudice, explaining that because the PTAB's decision was "now final," "IBM cannot infringe an invalid patent." Appx6.

Having dismissed all counts in the First Amended Complaint, the district court deemed the case closed. This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II.    DISCUSSION

### A.  RICO Claims

The district court dismissed without prejudice the RICO claims in the First Amended Complaint for failure to state a claim and denied Dr. Arunachalam's motion for leave to file a Second Amended Complaint.  Dr. Arunachalam appeals both decisions.

### 1.  First Amended Complaint

We review a district court's "order granting a motion to dismiss for failure to state a claim . . . under the applicable law of the regional circuit." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013).  In the Third Circuit, such decisions are reviewed *de novo.  Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 184 (3d Cir. 2010).  Pleadings made by *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  A motion to dismiss may only be granted if the court, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014).

In the First Amended Complaint, Dr. Arunachalam alleged that IBM and its customers JPMorgan and SAP were "illegally distributing Eclipse code which includes Dr. Arunachalam's inventions, through the IBM Eclipse Foundation," the alleged RICO "enterprise."  SAppx30–

31.[2]  She also alleged that the "predicate acts" for her RICO claims "cluster around patent infringement, trafficking in certain goods bearing counterfeit marks, tampering with a Federal Witness, interstate transportation of stolen property and obstruction of justice."  SAppx2. The district court dismissed the claims as insufficiently pleaded.  We agree.

The only plausible inventions discussed in the First Amended Complaint are Dr. Arunachalam's *patents*.  But patent infringement is not a recognized predicate "racketeering activity" for a RICO claim.  18 U.S.C. § 1961(1). Nor do the rest of the pleadings sufficiently support any of the other alleged predicate acts for a RICO claim.  The First Amended Complaint fails to identify any goods that bear "counterfeit marks," as Dr. Arunachalam alleges. We are aware of no authority treating products that infringe a patent as "stolen property" for purposes of a criminal predicate act under RICO.  *Compare Dowagiac Mfg. Co. v. Minnesota Moline Plow Co.*, 235 U.S. 641, 648 (1915) (describing patent infringement as "a tortious taking" of a part of property), *with* 18 U.S.C. § 1961(1) (referring to criminal "sections 2314 and 2315 (relating to interstate transportation of stolen property)" as predicate "racketeering activity" under RICO).  The First Amended Complaint does reference federal witnesses, but there are no factual allegations of tampering.  And while Dr. Arunachalam states she "was deprived of specific relief from the federal district courts in Wilmington, Delaware," SAppx15, unfavorable judicial rulings are insufficient to form the predicate activity for a RICO claim.  On appeal, Dr. Arunachalam fails to address these deficiencies in her pleadings.  For at least these reasons, we find that the

---

[2]  "SAppx" refers to the "Supplemental Appendix for Defendant-Appellee International Business Machines Corporation."

district court correctly dismissed the RICO claims for failure to state a claim.

## 2.  Proposed Second Amended Complaint

We review a district court's "denial of a motion to amend a complaint . . . by the regional circuit's standard." *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Systems, LLC*, 350 F.3d 1327, 1342 (Fed. Cir. 2003).  In the Third Circuit, a denial of a motion to amend beyond the single amendment of right is reviewed for "abuse of discretion."  *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000).  Though "the pleading philosophy" of Rule 15(a)(2) "counsels in favor of liberally permitting amendments to a complaint," *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013), the court may deny leave if there is a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, . . . futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Amendment is futile when the amended complaint does not state a claim upon which relief can be granted.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

In granting Dr. Arunachalam a second opportunity to amend the complaint, the district court issued two explicit instructions: the amendment must:  1) be filed "in compliance with D.Del. LR 15.1," and 2) "address not only the deficiencies identified" by the court in the First Amended Complaint (*e.g.*, absence of any factual allegations of "any racketeering activity") "but also those raised in the various Defendants' briefs."  Appx25–26.  Dr. Arunachalam did not fulfill either condition.  According to the district court, Dr. Arunachalam's "failure to comply with the Local Rule" was "willful and in bad faith," and the proposed second amended complaint did not cure the pleading defects identified in the First Amended Complaint." Appx29.  Based on these alternative reasons, the district

court denied leave to amend the pleadings for a second time.

On appeal, Dr. Arunachalam disputes that her Second Amended Complaint failed to contain allegations of a cognizable RICO claim. But she merely asserts that the proposed Second Amended Complaint contained "**solid** evidence of racketeering activity" without identifying what that "evidence" is. Appellant's Reply Br. 19 (emphasis in original). She further argues that Judge Andrews was "compromised" because his denial of leave for further amendment was based on "false and lame procedural grounds." *Id.* at 29 (emphasis in original). Dr. Arunachalam's arguments are unpersuasive.

The proposed Second Amended Complaint adds further detail about various defendants' involvement in the IBM Eclipse Foundation but still lacks factual allegations to support a cognizable predicate act for RICO. Though Dr. Arunachalam adds verbiage about the alleged use of "source code and inventions belonging to Plaintiff and others **without a copyright license**," SAppx107 (emphasis in original), she alleges no facts to support that she owns a copyright in that source code. Accordingly, we find that the district court did not abuse its discretion in denying Dr. Arunachalam's motion for leave to amend the complaint for a second time.

## B. Patent Infringement Claim

Both asserted claims of the '506 Patent were cancelled in the Board's Final Written Decision in a parallel CBM proceeding during the pendency of the case below. On appeal, Dr. Arunachalam appears to argue that this decision is void because the Board lacks authority to invalidate her patent. Among other theories, she argues that the Contracts Clause under *Fletcher v. Peck*, 10 U.S. 87 (1810) and "prosecution history estoppel" under *Aqua Products, Inc. v. Matal*, 872 F.3d 1290 (Fed. Cir. 2017) bar

the Board from invalidating her patent. Appellant's Opening Br. 10–11.

The Supreme Court in *Oil States Energy Services, LLC v. Greene's Energy Group, LLC*, 138 S. Ct. 1365, 1375 & n.2, 1377–78 (2018) rejected several similar constitutional challenges to the *inter partes* review process. In any event, the proper recourse for raising such arguments was to have appealed the Board's decision to this Court. *See* 35 U.S.C. §§ 319, 329, 141(c). Given that Dr. Arunachalam did not do so, the Board's decision invalidating both claims is final and may not be collaterally attacked through a separate litigation. Since the two asserted claims have been cancelled, Dr. Arunachalam's allegation of patent infringement based on these claims is moot.

### C. Motions for Recusal

We review a district court's denial of recusal according to the law of the regional circuit. *Baldwin Hardware Corp. v. FrankSu Ent't Corp.*, 78 F.3d 550, 556 (Fed Cir. 1996). The Third Circuit reviews a district court's "denial of a motion for recusal for abuse of discretion." *Gen. Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 336 n. 25 (3d Cir. 2001).

### 1. Judge Andrews

During the course of the district court litigation, Dr. Arunachalam filed repeated motions to recuse Judge Andrews on various grounds. Judge Andrews denied these motions as having no merit.

On appeal, Dr. Arunachalam argues that the district court ignored important allegations made in the First Amended Complaint that required recusal, namely Judge Andrews's alleged investment in "mutual funds hold[ing] JPMorgan stock" and purchase of "direct JPMorgan stock during pendency" of an earlier case litigated against JPMorgan—*Pi-Net Int'l Inc. v. JPMorgan Chase & Co.*, No. 1:12-CV-282-RGA (D. Del. 2012). SAppx39. JPMor-

gan argues that there was no conflict requiring recusal. When Judge Andrews discovered that he was "likely to acquire involuntarily at some undetermined point in the future J.P. Morgan stock," he reassigned that case to another judge, promptly sold the stock once he received it, and was then reassigned the case once again. *Pi-Net Int'l Inc. v. JPMorgan Chase & Co.*, No. 12-282-RGA, 2016 WL 697618, at *1 (D. Del. Feb. 19, 2016). Since Dr. Arunachalam does not contest these facts on appeal, we find that the district court did not abuse its discretion in denying recusal of Judge Andrews.

### 2. Chief Judge Stark

Dr. Arunachalam filed a motion to recuse Chief Judge Stark, alleging various acts that purportedly warranted recusal. These included Chief Judge Stark's: 1) previous mediation involving Dr. Arunachalam; 2) prior work at one of the law firms representing one of the defendants; and 3) alleged financial holdings in one or more of the Defendants and members of The IBM Eclipse Foundation. Chief Judge Stark denied recusal, noting there was no obligation for a judge to recuse himself from a case which he previously mediated. And Dr. Arunachalam failed to cite any authority requiring a judge to recuse himself from a case in which his previous law firm appears. Regarding the alleged "financial holdings," Chief Judge Stark also explained that he "own[ed] no shares of stock" and "only own[ed] shares of widely-held mutual funds" and "ordinary bank accounts," which were not "disqualifying financial interests" as a matter of law. Appx12 (citing 28 U.S.C. § 455(d)(4)(i)).

Dr. Arunachalam fails to address any of the district court's rationale on appeal. Since Dr. Arunachalam does not contest the factual basis of the district court's denial, and fails to offer any legal authority requiring Chief Judge Stark's recusal, we find that the district court did

not abuse its discretion in denying the motion to recuse
Chief Judge Stark.

## CONCLUSION

We have considered the rest of Dr. Arunachalam's arguments and find them unpersuasive.  Accordingly, we *affirm* the district court's dismissal of the patent infringement claim against IBM, dismissal of all RICO claims against all defendants, denial of the motion for leave to file a second amended complaint, denials of motions to recuse, and all other district court rulings challenged by Dr. Arunachalam in this appeal.

**AFFIRMED**