**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1742
_____

EVERETT KEITH THOMAS,
                                         Appellant

v.

CITY OF PHILADELPHIA; CURRAN FROMHOLD
CORRECTIONAL FACILITY; HOUSE OF CORRECTIONS;
PHILADELPHIA PRISON SYSTEM
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-06036)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 4, 2018

Before: GREENAWAY, JR., BIBAS and ROTH, Circuit Judges

(Opinion filed: June 21, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Everett Keith Thomas appeals from the order of the District Court dismissing his amended complaint. We will vacate and remand for further proceedings.

I.

Thomas was formerly incarcerated at the Philadelphia House of Correction. While there, he and three fellow inmates filed suit under 42 U.S.C. § 1983 against the City of Philadelphia and others alleging various forms of mistreatment. The District Court dismissed Thomas's co-plaintiffs from the suit and later appointed counsel for Thomas. Thomas's counsel then filed an amended complaint on behalf of Thomas and eight other inmates. Only Thomas's claims are at issue in this appeal.[1]

Thomas's amended complaint was based largely on the alleged conduct of a private entity that he identified only as Aramark,[2] which contracted with the City to serve food at the prison. Thomas alleged that, over a 15-month period, Aramark served inmates numerous meals that contained mouse feces. Thomas alleged that Aramark served him four such meals in February 2016 and that one of them caused vomiting and diarrhea. Thomas also alleged that Aramark served other meals on trays that had been

---

[1] The District Court dismissed Thomas's initial three co-plaintiffs because they neither paid the filing fees nor applied to proceed in forma pauperis. The District Court went on to address the claims of his eight new co-plaintiffs even though it appears that they did not do so either. In any event, only Thomas has filed a notice of appeal.

[2] We refer to the conduct of "Aramark" for ease of discussion only and without expressing any opinion on whether Aramark is legally responsible for the alleged conduct of its employees. See Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).

contaminated by mouse feces and that were reused without being washed. In a supplemental filing, he claimed that the contamination resulted from Aramark's practice of leaving serving trays uncovered on the kitchen floor overnight and that, when one inmate complained to an Aramark kitchen manager about mouse feces in the food, the manager responded, "It doesn't matter, you're just inmates."

On the basis of these allegations, Thomas asserted claims under the Eighth and Fourteenth Amendments and under Pennsylvania state law. He named as defendants the City and five corrections defendants (collectively, the "City defendants"), as well as Aramark. Neither Thomas nor the District Court served Aramark with process, and Aramark never responded to Thomas's amended complaint. The City defendants, however, filed a motion to dismiss it under Fed. R. Civ. P. 12(b)(6). The District Court heard oral argument and later granted their motion. The District Court did so by dismissing Thomas's federal claims against them and declining to exercise supplemental jurisdiction over his state-law claims. Thomas appeals pro se.[3]

---

[3] The District Court's order ordinarily would not be immediately appealable because it did not address Thomas's claims against Aramark and thus did not resolve his claims against all parties. See Fed. R. Civ. P. 54(b). Aramark was never served with process, however, and "a named defendant who has not been served is not a 'party' within the meaning of Rule 54(b)." Gomez v. Gov't of the V.I., 882 F.2d 733, 736 (3d Cir. 1989). Thus, because the District Court resolved all claims against all the served defendants, we have jurisdiction under 28 U.S.C. § 1291. See id. "Our review over a district court's grant of a motion to dismiss under Rule 12(b)(6) is plenary. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Davis v. Abington Mem'l Hosp., 765 F.3d 236, 240 (3d Cir. 2014) (citation and quotation marks omitted). We review for abuse of discretion dismissals without leave to amend, see id. at 244, and the District Court's

II.

Thomas asserted claims against the City, the individual City defendants, and Aramark. The District Court asserted in its order of dismissal that Thomas withdrew his claims against the individual defendants at oral argument. The oral argument has not been transcribed, but Thomas does not contest that assertion or raise any issue regarding any individual defendant in his brief. He does raise arguments regarding Aramark, but Aramark was never served and Thomas's claims against Aramark thus are not directly before us on appeal. See United States v. Studivant, 529 F.2d 673, 674 (3d Cir. 1976).

That leaves Thomas's claims against the City. To plead a § 1983 claim against the City, Thomas was required to plausibly allege (1) a constitutional violation, and (2) the City's municipal liability for that violation under Monell v. Department of Social Services, 436 U.S. 658 (1978). See Mulholland v. County of Berks, 706 F.3d 227, 238 (3d Cir. 2013). The City argues, and the District Court held, that Thomas failed to plead either one. Taking them in reverse order, we agree that Thomas failed to plead municipal liability, but the District Court should have addressed the possibility of amendment on that issue. The District Court also should have addressed the issue of service on Aramark before deciding whether Thomas pleaded a constitutional violation. Thus, we will vacate and remand for further proceedings as specified below.

A.   Municipal Liability

management of its docket, see Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010).

To plead municipal liability under Monell, Thomas was required to plausibly allege that the City's own formal policy or informal custom permitted the constitutional violation he alleges. See Mulholland, 706 F.3d at 237. Thomas did not plead any official policy. Instead, he appears to have attempted to plead a custom of serving tainted food by alleging "knowledge and acquiescence by the decisionmaker." McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009). His only allegation against the City, however, was that the "City of Philadelphia knows or should know of the constitutional violations occurring in its prison[.]" (ECF No. 31 at 6 ¶ 26.) That conclusory allegation fails to "plead knowledge [of the alleged violations] by a municipal decisionmaker." McTernan, 564 F.3d at 658.

Thomas identified three corrections defendants who might plausibly be considered decisionmakers at the pleading stage, but his sole allegation against them was similarly conclusory. (ECF No. 31 at 5 ¶ 5.) Thomas also alleged that he and another inmate brought the tainted food to the attention of a corrections officer (id. at 4 ¶¶ 16-17), but he does not allege that she was a municipal decisionmaker and his allegations do not suggest that she was. Thomas's only other potentially relevant allegation was that he and other inmates filed grievances about the tainted food. The mere filing of grievances, however, does not suggest knowledge and acquiescence by a municipal decisionmaker. Cf. Parkell v. Danberg, 833 F.3d 313, 336 n.14 (3d Cir. 2016) (noting that filing of a grievance does not show supervisory knowledge for § 1983 purposes).

5

Thus, we agree that Thomas did not plead the City's liability under <u>Monell</u>. Before dismissing a civil rights complaint, however, District Courts generally must give leave to amend unless amendment would be inequitable or futile. <u>See</u> <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004). That principle applies even if the plaintiff is represented by counsel and does not request leave to amend. <u>See</u> <u>id.</u> The District Court did not address the possibility of amendment in its order of dismissal, and we cannot say that amendment inevitably would be futile. Thus, we will vacate the District Court's ruling on this issue to the extent that it did not address the possibility of amendment.

### B. Constitutional Violation

We will also vacate the District Court's ruling that Thomas failed to state a constitutional claim. In his brief, Thomas argues the merits of his claims against both Aramark and the City. Thomas's claims against Aramark are not before us because Aramark was never served. Thomas's claims against both parties are inextricably intertwined, however, because he seeks to hold both parties liable for the same underlying constitutional violation. Thus, we liberally construe Thomas's pro se brief as arguing that the District Court should have addressed the issue of service on Aramark before reaching the merits of his constitutional claim against the City. We agree.

Thomas was represented by counsel in the District Court, but the District Court had obligations regarding service of its own. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that

6

service be made within a specified time." Fed. R. Civ. P. 4(m). In this case, approximately six months elapsed between Thomas's filing of the amended complaint and the District Court's order of dismissal. The District Court, however, never entered an order regarding service as required by Rule 4(m).

Moreover, when a District Court grants a plaintiff leave to proceed in forma pauperis as the District Court did in this case, the District Court itself is responsible for service of process. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). We have located no authority addressing whether a District Court's appointment of counsel relieves it of that responsibility. Cf. 4A Charles Alan Wright et al., Federal Practice and Procedure § 1090 (4th ed. 2017) ("The policy underlying [this requirement] is to provide service for those who cannot afford private service by making the Marshals Service available to them.") In any event, the District Court should have addressed service as required by Rule 4(m).

We recognize that the District Court's failure to address service on Aramark does not directly undermine its ruling on the merits of Thomas's claim against the City. We may vacate, however, when a District Court's failure to address an issue hampers our review. See Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 726 F.3d 403, 417 (3d Cir. 2013); United States v. Merced, 603 F.3d 203, 216 (3d Cir. 2010). Such is the case here.

Ordinarily, if we disagreed with the District Court's assessment of Thomas's constitutional claim, we would simply vacate or reverse and remand on the merits. If we were to do so here, however, then the issue of service would remain, Aramark's claims could potentially come before the District Court, and they would do so together with a

7

holding by this Court that already would be at least partially adverse to Aramark. It would be unfair of us to issue such a ruling before Aramark has been served with process and has had an opportunity to be heard. Thus, the District Court's failure to consider the issue of service on Aramark leaves us unable to fairly administer the full range of appellate remedies normally available to us on Thomas's claim against the City.

That would not be the case if we could easily affirm the District Court's ruling on the merits. In fact, however, we have reservations about that ruling. "It is well-established that inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (quotation marks omitted). Thomas claims that Aramark violated the constitution[4] by repeatedly serving him food that either contained mouse feces or that was served on trays that previously contained mouse feces and that were reused without being washed. This claim requires him to allege, inter alia, that this deprivation of sanitary food was so serious as to deprive him of "the minimal civilized measure of life's necessities." Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 226 (3d Cir. 2015).

---

[4] The District Court applied the Eighth Amendment standard of cruel and unusual punishment that applies to convicted prisoners. See Wharton v. Danberg, 854 F.3d 234, 247 (3d Cir. 2017). Thomas now claims that he was a pretrial detainee and that the District Court should have applied a more protective Fourteenth Amendment standard instead. See id. Although Thomas appears to have raised this issue for the first time on appeal, the District Court should consider it if and when appropriate on remand.

8

The District Court concluded that Thomas did not allege a sufficiently serious deprivation because Aramark served him only four contaminated meals and because he did not allege that he suffered any physical injury beyond one incident of vomiting and diarrhea. We question whether the first ruling adequately addresses Thomas's allegations, and we question whether either ruling accords with applicable precedent.[5]

Nevertheless, we decline to resolve the merits at this time. Under these unique circumstances, we will instead vacate the District Court's ruling because its failure to consider service on Aramark hampers our review as explained above. Thus, to be clear, we do not hold that Thomas actually has stated a constitutional claim. Nor do we hold that the District Court is required to serve or permit service on Aramark. Instead, we hold only that the District Court must consider the issue of service as Rule 4(m) requires.

III.

---

[5] Among other things, the District Court concluded that Thomas was required to allege "a distinct and palpable injury" over and above the deprivation of sanitary meals in order to state an Eighth Amendment claim. The District Court further concluded that Thomas failed to do so because he did not "maintain[] an injury" following his sick call for vomiting and diarrhea. In support of a "distinct and palpable injury" requirement, the District Court cited a non-precedential District Court opinion purporting to quote that statement from Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983). Robles does not contain that statement or otherwise announce a "distinct and palpable injury" requirement for Eighth Amendment claims. (We acknowledge, however, having made the same mistake in one of our own non-precedential opinions. See Rieco v. Moran, 633 F. App'x 76, 78 (3d Cir. 2015) (per curiam).) We are aware of no other authority that does. To the contrary, a "distinct and palpable injury" is a requirement of Article III standing. Gollust v. Mendell, 501 U.S. 115, 126 (1991); Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 360 (3d Cir. 2013). There is no question that Thomas has Article III standing to assert this claim.

9

For these reasons, we will vacate the District Court's order of dismissal and remand for the District Court to (1) consider granting Thomas leave to amend as to municipal liability, and (2) consider the issue of service on Aramark. Because we are vacating the dismissal of Thomas's federal claims, we will vacate the District Court's decision to decline supplemental jurisdiction over his state-law claims as well.[6]

---

[6] The City argues that, "as an alternative basis for affirmance," we should order the dismissal of Thomas's state-law claims on the merits under Rule 12(b)(6). Ordering the dismissal of those claims on the merits would not be an alternative basis for affirmance—it would alter the District Court's judgment by granting the City greater relief. That is because a decision to decline supplemental jurisdiction, unlike a dismissal on the merits, operates as a dismissal without prejudice and thus does not have preclusive effect. See Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009). The City cannot obtain that greater relief without filing a cross-appeal, which it did not do. See Stevens v. Santander Holdings USA Inc., 799 F.3d 290, 301 (3d Cir. 2015).