**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1554
_____

CHARLES W. CARSON,
                                                Appellant

v.

WILLOW VALLEY COMMUNITIES;
WILLOW VALLEY LIVING
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-17-cv-02840)
District Judge:  Honorable Joseph F. Leeson, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 9, 2018

Before: GREENAWAY, JR., BIBAS and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 10, 2019)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Charles W. Carson appeals from the order of the District Court dismissing his complaint against Willow Valley Communities and Willow Valley Living (collectively, "Willow Valley"). We will affirm.

I.

Carson is a 66-year-old Vietnam veteran. He was employed by Willow Valley as a security officer and concierge for about six months until Willow Valley terminated his employment on April 17, 2015. Carson later filed suit against Willow Valley. His primary complaint appeared to be that Willow Valley terminated him in retaliation for his filing of complaints about workplace safety under the Occupational Safety and Health Act of 1970 ("OSHA"), but he asserted four other claims as discussed below. Willow Valley filed a motion to dismiss Carson's complaint under Fed. R. Civ. P. 12(b)(6), and Carson filed a motion for leave to amend.[1] By order entered February 12, 2018, the District Court granted Willow Valley's motion, denied Carson's motion, and dismissed Carson's complaint.

In doing so, the District Court addressed Carson's claims as follows. First, Carson asserted a claim for "violation of Equal Employment Opportunity Commission (EEOC)" on the grounds that Willow Valley failed to post certain notices and terminated him in retaliation for helping a coworker draft and file an EEOC complaint. The District Court

---

[1] Carson required leave to amend his complaint because he sought to amend it more than 21 days after Willow Valley served its motion to dismiss. See Fed. R. Civ. P. 15(a)(1)(B).

2

dismissed this claim on the grounds that "violation of EEOC" is not a cause of action and that Carson did not plausibly allege any violation of any of the anti-discrimination statutes that the EEOC oversees.

Second, Carson alleged that Willow Valley violated the Age Discrimination in Employment Act by paying him less than other employees. The District Court dismissed this claim on the ground that he did not allege, inter alia, the ages of the other employees or otherwise allege anything linking his compensation to his age.

Third, Carson alleged that Willow Valley terminated him in retaliation for his OSHA complaints in violation of OSHA's anti-retaliation provision, 29 U.S.C. § 660(c). The District Court dismissed this claim on the ground that § 660(c), which provides an administrative enforcement mechanism, does not provide a private right of action.

Fourth, Carson alleged that Willow Valley terminated him in violation of the Vietnam Era Veterans' Readjustment Assistance Act ("VEVRA"), 38 U.S.C. § 4212(b). The District Court dismissed this claim on the ground that this provision too provides an administrative enforcement mechanism but not a private right of action.

Finally, Carson asserted a claim for wrongful termination under Pennsylvania state law. He also sought to amend his complaint to add a whistleblower claim under Pennsylvania state law on the ground that his termination also was in retaliation for a report of "potential elder abuse." The District Court dismissed the first of these claims without prejudice, and declined to allow Carson to amend his complaint with the second, because it declined to exercise supplemental jurisdiction. The District Court also denied

Carson's motion to amend as to his other claims as futile because Willow Valley's motion to dismiss put Carson on notice of the foregoing defects and his proposed amended complaint failed to cure them. The District Court explained that its dismissal of Carson's state-law claims was without prejudice to his ability to assert them in state court. Carson appeals and advises us that he has indeed asserted these claims in state court.

## II. [2]

Having reviewed the record and the parties' briefs, we will affirm for the reasons adequately explained by the District Court. We briefly address three issues on appeal.

First, Carson argues that the District Court erred in dismissing his claim that Willow Valley terminated him in retaliation for helping another employee (a dishwasher, Jonathan Balaguer) file an EEOC complaint. The District Court reasoned that Carson failed to plead any details regarding this assistance, or even that Willow Valley knew about it, and that Carson's conclusory allegation that his termination was motivated by this assistance did not suffice. Carson argues that he adequately alleged a "nexus to dishwasher" in paragraph 35 of his complaint. That paragraph, however, alleges only

---

[2] We have jurisdiction under 28 U.S.C. § 1291. "Our review over a district court's grant of a motion to dismiss under Rule 12(b)(6) is plenary. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Davis v. Abington Mem'l Hosp., 765 F.3d 236, 240 (3d Cir. 2014) (citation and quotation marks omitted). We review for abuse of discretion the District Court's denial of leave to amend, see id. at 244, and its decision not to exercise supplemental jurisdiction, see Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009).

4

that Carson "shared his concerns" regarding a statement by a restaurant manager that "Balaguer left his dishwashing job . . . because Plaintiff allegedly personally hired Mr. Balaguer away." (ECF No. 1 at 7 ¶ 35.) That allegation does not raise an inference that Willow Valley terminated Carson because he assisted Balaguer with an EEOC complaint, and nothing else in Carson's complaint or proposed amended complaint raises such an inference either.

Second, Carson argues that the District Court erred in dismissing his claims under OSHA and VEVRA. Carson, however, does not acknowledge the sole reason that the District Court dismissed these claims—i.e., that these statutes do not provide a private right of action. Thus, we will not address that issue.[3] Instead of contesting that issue, Carson argues that the timing of his termination suggests that it was in response to his OSHA complaints and that, as a matter of public policy, complaints about workplace safety and his status as a Vietnam veteran should give him a cause of action for wrongful termination under Pennsylvania state law. The District Court, however, dismissed Carson's state-law claim for wrongful termination without prejudice after declining to exercise supplemental jurisdiction. The District Court's decision to do so after

---

[3] We nevertheless note that it appears that every Court of Appeals to have address the issue has held that these statutes do not imply a private right of action. See, e.g., Johnson v. Interstate Mgmt. Co., 849 F.3d 1093, 1096-98 (D.C. Cir. 2017) (addressing OSHA, 29 U.S.C. § 660(c)); Seay v. Tenn. Valley Auth., 339 F.3d 454, 473 (6th Cir. 2003) (addressing VEVRA, 38 U.S.C. § 4212(b)); cf. Antol v. Perry, 82 F.3d 1291, 1298 (3d Cir. 1996) (holding that a different provision of § 4212 does not imply a private right of action).

dismissing all of Carson's federal claims was not an abuse of discretion. <u>See</u> 28 U.S.C. § 1367(c)(3); <u>Kach</u>, 589 F.3d at 650. Thus, Carson may seek to pursue his state-law claims in state court, as he advises he is doing. We express no opinion on the merits of those claims.

Finally, Carson does not challenge the District Court's denial of leave to amend his complaint and does not argue that he could plausibly state any of his federal claims if given another chance. Even if we were to reach the issue, the District Court did not abuse its discretion in denying leave to amend for the reasons it explained. <u>See</u> <u>Davis</u>, 765 F.3d at 244.

III.

For these reasons, we will affirm the judgment of the District Court.